9017/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendants*
YANG MING MARINE TRANSPORT CORP. and
YANGMING (UK) LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGIZER S.A.,<br><br>                           Plaintiff,<br>      - against -<br><br>M/V YM GREEN, her engines, boilers and tackle *in rem.*; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN KAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; FIEGE GOTH CO., LTD.; and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.<br><br>                          Defendants. | 07 CV 7406 (Judge Swain)<br><br>ECF CASE<br><br>**ANSWER TO COMPLAINT AND CONTINGENT CROSS CLAIM AND COUNTER CLAIM** |

       Defendant YANG MING MARINE TRANSPORT CORP. and YANGMING (UK) LTD. (both hereinafter "YML"), by their attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for their answer to the complaint, allege upon information and belief as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

       2.     Admits that defendant YANG MING MARINE TRANSPORT CORP. is a foreign corporation organized and existing by virtue of foreign law with an office and principal place of business in Taipei, Taiwan and that it had an agent, Yang Ming

(America) Corp., formerly known as Solar International Shipping Agency Inc., Newport Office Tower, 25th Floor, 525 Washington Blvd., Jersey City, New Jersey 07301 and further admits that it is a vessel operating common carrier (VOCC) as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and that it owned, chartered and/or operated the MV YM GREEN and except as so admitted, denies the allegations contained in paragraph 2.

3. Admits that defendant YANG MING (UK) LTD. was and now is a corporation organized and existing by virtue of the laws of the United Kingdom and had an office and principal place of business at Valentines House, Second Floor, 51-59 Ilford Hill Essex IG1 2DG United Kingdom and that it was a vessel operating common carrier (VOCC) as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and that it owned, chartered and/or operated the MV YM GREEN and except as so admitted, denies the allegations contained in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4, except admits that defendant ALL OCEANS TRANSPORTATION INC. owned and/or managed and/or operated the MV YM GREEN.

5. Admits that defendant KAWASAKI KISEN KAISHA LTD. slot chartered space on the MV YM GREEN, and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

## JURISDICTION

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11.

## AS AND FOR THEIR ANSWER TO THE FIRST CAUSE OF ACTION

12. Defendants, YML, repeat and reallege each and every allegation set forth in paragraphs 1-11 of its answer to the complaint as if heretofore set out at length herein.

13. Admits that containers in external good order and condition were delivered to the MV YM GREEN for shipment from Hong Kong to Basel, Switzerland via Hamburg, Germany pursuant to the terms and conditions of certain bill of lading contracts issued by defendant Kawasaki Kisen Kaisha LTD (hereinafter K-Line) and except as so admitted, denies the allegations contained in paragraph 13.

14. Admits that on or about August 6, 2006 a fire broke out in the containers tendered to defendant K-Line by plaintiffs or their agents and further admits that other cargoes, as well as the vessel YM GREEN, were damaged and except as so admitted, denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15 as they relate to defendants YML and except as so denied, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18 except admits non-payment.

**AS AND FOR THEIR ANSWER TO THE SECOND CAUSE OF ACTION**

19. Defendants, YML, repeat and reallege each and every allegation set forth in paragraphs 1-18 of its answer to the complaint as if heretofore set out at length herein.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25.

**AS AND FOR THEIR ANSWER TO THE THIRD CAUSE OF ACTION**

26. Defendants, YML, repeat and reallege each and every allegation set forth in paragraphs 1-25 of its answer to the complaint as if heretofore set out at length herein.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28 as they relate to defendants YML and except as so denied, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 as they relate to the other named defendants.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 as they relate to defendants YML and except as so denied, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29.

## AS AND FOR THEIR ANSWER TO THE FOURTH CAUSE OF ACTION

30. Defendants, YML, repeat and reallege each and every allegation set forth in paragraphs 1-29 of its answer to the complaint as if heretofore set out at length herein.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36.     The shipments in question were carried from Hong Kong to Basel, Switzerland via Hamburg, Germany pursuant to defendant K-Line bill of lading contracts and were, therefore, subject to the Hague Visby Rules.

37.     Defendants, YML, claim the benefit of all exceptions, exemptions and limitations contained in the Hague Visby Rules and K-Line bill of lading to the full extent they may be applicable to them.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38.     The shipments in question were carried pursuant to bills of lading issued by defendant K-Line and, upon information and belief, pursuant to bills of lading issued by underlying defendant Non Vessel Operating Common Carrier (NVOCC) bills of lading.

39.     Defendants, YML, claim the benefit of all exceptions, exemptions and limitations contained in any bills of lading issued by any VOCC or NVOCC defendants pursuant to which this cargo was carried on the basis of the Himalaya Clauses contained in such bills of lading to the full extent such provisions may be applicable to them.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40.     Any damage that was caused to plaintiff's cargo was the direct result of an act, fault or neglect of plaintiff, its agents, suppliers, contractors, affiliates or subsidiaries and in regard to the manufacture, stowage, shifting, shipment, securing or packaging of the cargo in question.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41.     Defendants YML are not liable under the Hague or Hague Visby Rules for any loss or damage to plaintiff's cargo as alleged in the complaint since the alleged loss

or damage occurred as a result of fire and such fire was not caused by the actual fault or privity of defendants YML.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. The cargoes in question were shipped pursuant to a bill of lading contract issued by defendant K-Line which bill of lading provides that all actions and claims brought pursuant to such bill of lading shall be brought in the courts sitting in Tokyo, Japan.

43. All claims against defendant, YML, should be dismissed in favor of jurisdiction in Japan.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44. The shipments in question moved from Hong Kong to Basel, Switzerland via Hamburg on a foreign flag vessel pursuant to bills of lading issued by a Japanese carrier and therefore the instant action has no connection whatsoever with the Southern District of New York and should be dismissed on the basis of forum non-conveniens.

### AS AND FOR A CONTINGENT CROSS-CLAIM AGAINST DEFENDANTS ALL OCEANS TRANSPORTATION INC., KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

45. Defendants, YML, repeat and reallege each and every allegation set forth in paragraphs 1-44 of its answer to the complaint as if heretofore set out at length herein.

46. If the complaint against defendants YML should not be dismissed on the basis of the Japanese jurisdiction clause in K-Line's bill of lading or on forum non conveniens grounds, then if there was any loss or damage to the shipment referred to in Plaintiffs' Complaint, which is denied, said loss or damage was brought about by the negligence and/or breach of contract and/or breach of warranty, implied or expressed, of

ALL OCEANS TRANSPORTATION INC., KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. and by reason thereof, defendant YML is entitled to full indemnity and/or contribution from co-defendants ALL OCEANS TRANSPORTATION INC., KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. for all loss and damage including reasonable counsel fees and expenses incurred by NYK in the defense of this case.

47.  This cross-claim is being asserted contingently in that defendant YML intends to move on the basis of the jurisdiction clause contained in its bill of lading and this cross-claim will only be asserted in the event that said motion is denied by the court.

## AS AND FOR A CONTINGENT COUNTER-CLAIM AGAINST PLAINTIFF

48.  Defendants, YML, repeat and reallege each and every allegation set forth in paragraphs 1-47 of its answer to the complaint as if heretofore set out at length herein.

49.  Certain third parties have claimed against the YML defendants for loss and damage allegedly sustained as a result of the fire that took place on board the MV YM GREEN, including hold no. 4 of said vessel, and and have advised that they intend to hold defendants YML liable for any and all such loss and damage, all liability for which defendants YML have expressly denied.

50.  Further, as a result of the fire that occurred in no. 4 hold, the vessel YM GREEN was damaged and containers carried on such vessel were likewise damaged by the fire.

51. The said loss and damage was caused in whole or in part by the fault, neglect, breach of contract, and/or breach of warranty of plaintiff in that plaintiff's cargo possessed undeclared hazardous nature and characteristics and was improperly manufactured, loaded, stowed, handled and/or consolidated.by plaintiff or those for whom plaintiff is responsible, thus causing the fire complained of.

52. To the extent defendants YML are held liable to any of the aforesaid claimants, or to the extent defendants YML have suffered any loss or damage to their own equipment, they are entitled to indemnity and/or contribution from plaintiff.

53. This counter-claim is being asserted contingently in that defendant YML intends to move on the basis of the jurisdiction clause contained in its bill of lading and this cross-claim will only be asserted in the event that said motion is denied by the court.

**WHEREFORE**, Defendants YML pray:

1. That the complaint as against them be dismissed together with costs, disbursements and attorneys' fees incurred in the defense of this action.

2. That defendants YML be indemnified by co-defendants ALL OCEANS TRANSPORTATION INC., KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. all claims, liabilities that may be incurred by defendants YML as a result of the fire that took place in the MV YM GREEN.

3. That defendants YML be indemnified by plaintiff, Energizer S.A. for all liabilities, costs, disbursements and attorneys' fees incurred by YML as a result of claims filed by third parties resulting from the fire that occurred on the MV YM GREEN.

      4.      That defendants YML be entitled to recover from plaintiff, Energizer S.A. for all costs of repair of equipment and hull damage to the vessel YM GREEN incurred as a result of the fire which was caused by plaintiff's cargo.

Dated: New York, New York
       October 3, 2007

                                    CICHANOWICZ, CALLAN, KEANE,
                                    VENGROW & TEXTOR, LLP
                                    61 Broadway, Suite 3000
                                    New York, New York 10006
                                    *Attorneys for Defendants*
                                    YANG MING MARINE TRANSPORT
                                    CORP. and YANGMING (UK) LTD.

                        By:     __s/ Paul M. Keane_____

                                    Paul M. Keane (PMK-5934)

To:    Raymond P. Hayden (RH-5733)
       James A. Seville (JS-4835)
       Kipp C. Leland (KL-0932)
       HILL RIVKINS & HAYDEN, LLP
       45 Broadway, Suite 1500
       New York, New York 10006

       Edward Keane
       MAHONEY & KEANE
       111 Broadway, Floor 10
       New York, New York 10006

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On October 3, 2007, I served a complete copy of YANG MING MARINE TRANSPORT CORP. and YANGMING (UK) LTD. Answer to Complaint and Contingent Cross Claim and Counter Claim, by regular U.S. mail and/or by ECF, to the following attorneys at their ECF registered address and/or at the following address:

To:  Raymond P. Hayden (RH-5733)
     James A. Seville (JS-4835)
     Kipp C. Leland (KL-0932)
     HILL RIVKINS & HAYDEN, LLP
     45 Broadway, Suite 1500
     New York, New York 10006

     Edward Keane
     MAHONEY & KEANE
     111 Broadway, Floor 10
     New York, New York 10006

*Amanda Magri*
Amanda Magri

DATED:   October 3, 2007
         New York, New York