*RAYMOND P. HAYDEN (RH-5733)*
*JAMES A. SAVILLE, JR. (JS-4835)*
*KIPP C. LELAND (KL-0932)*
*HILL RIVKINS & HAYDEN LLP*
Attorneys for Plaintiff
Energizer S.A.

45 Broadway
Suite 1500
New York, New York 10006
(212) 669-0600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

| | |
|---|---|
| ENERGIZER S.A., | : Docket No. 07 cv 7406 (LTS) |
| Plaintiff, | : |
| - *Against* - | : |
| M/V YM GREEN her engines, boilers and tackle *in rem*; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN KAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; FIEGE GOTH CO., LTD.; and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. | : **REPLY TO COUNTERCLAIM** |
| Defendants. | : |

------------------------------------X

The Plaintiff, Energizer S.A., by and through its attorneys Hill Rivkins & Hayden LLP, as and for its reply to the counterclaim asserted by YANG MING TRANSPORT CORP. and YANGMING (UK) LTD. (the "Yang Ming Defendants") alleges upon information and belief as follows:

1. Paragraph 48 of the counterclaim is one to which no response is required.

2. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Counterclaim.

3. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Counterclaim.

4. Plaintiff denies the allegations set forth in Paragraph 51 of the Counterclaim.

5. Plaintiff denies the allegations set forth in Paragraph 52 of the Counterclaim.

6. Plaintiff denies the allegations set forth in Paragraph 53 of the Counterclaim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. The counterclaim fails to state a claim upon which relief maybe granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. If the Yang Ming Defendants sustained any damage, which is denied, said damages were caused in whole or in part by the Yang Ming Defendants' own acts of negligence and were not caused or contributed to in any manner by the fault, negligence, want of care, lack of due diligence, or breach of any warranty on the part of plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. If the Yang Ming Defendants sustained any damages, which is denied, said damage were caused solely by the acts or omissions of third parties for which Plaintiff is not responsible and over which Plaintiff had no control and were not caused or contributed to in any manner by the fault, negligence, want of care, lack of due diligence, or breach of any warranty on the part of Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. The Yang Ming Defendants have failed to properly mitigate their damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. If plaintiff is found negligent, which is denied, any such negligence was superseded by the negligence and or other wrongful acts of the Yang Ming Defendants and/or third parties over whom plaintiff had no control and for which plaintiff is not responsible.

## CLAIM FOR INDEMNITY AND CONTRIBUTION FROM DEFENDANTS M/V YM GREEN, ALL OCEANS TRANSPORTATION, INC., K-LINE, CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO. LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

12. Plaintiff repeats and realleges every defense, admission, denial and denial of information and belief set forth in paragraphs 1 through 11 as if set forth herein at length.

13. The Yang Ming Defendants claim to have sustained losses as a result of the fire that took place on board the M/V YM GREEN including hold no. 4 of the said vessel and intend to hold Energizer liable for any and all losses they have sustained, all of which Energizer has expressly denied.

14. To the extent plaintiff Energizer is held liable or becomes liable to pay for the losses of the Yang Ming defendants, all of which is expressly denied, said losses were caused directly and proximately, in whole or in part, by defendants M/V YM GREEN, ALL OCEANS TRANSPORTATION, INC., K-LINE, CONTERM HONG KONG LTD., VANGUARD

LOGISTICS SERVICES HONG KONG LTD. and FIEGE GOTH CO. LTD. reckless, negligent and improper loading, stowing, handling, carriage, keeping and caring for, transshipment, and/or consolidation of plaintiff's cargo with other cargoes, all of which were committed with knowledge that damage would probably result.

15. The General Purchase Conditions negotiated, reviewed, accepted and agreed to between Energizer and defendant SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. provide, in relevant part:

> 7. **Quality/Safety**
> . . .
> Seller [High Power] agrees to indemnify, hold harmless, and defend buyer [Energizer] from any and all claims from any person or persons for bodily injury or property damage arising directly or indirectly from the product or services provided by Seller.

16. Energizer has by proper notice demanded and continues to demand that High Power comply with the terms of its written agreement and indemnify and defend Energizer from and against all claims arising from the sale of the batteries referred to herein however, High Power has failed to acknowledge and comply with said demand, causing Energizer to incur legal fees and expenses.

17. By reason of the foregoing, to the extent that the Yang Ming Defendants have sustained losses, all of which is expressly denied, and are entitled to recover damages from Energizer, which is expressly denied, or Energizer becomes liable to pay for any reason, Energizer is entitled to express or implied indemnity and/or part or full contribution from defendants M/V YM GREEN, ALL OCEANS TRANSPORTATION, INC., K-LINE, CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO. LTD. and SHENZHEN HIGH

POWER TECHNOLOGY CO. LTD. for such sums, together with the expenses, including but not limited to attorneys' fees and costs, incurred by Energizer in defending said claims.

*W H E R E F O R E,*   Plaintiff prays:

1.   That the counterclaim asserted by YANG MING TRANSPORT CORP. and YANGMING (UK) LTD. be dismissed with prejudice together with costs, disbursements and attorneys' fees.

2. That judgment be entered against defendants M/V YM GREEN, ALL OCEANS TRANSPORTATION, INC., K-LINE, CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO. LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. on plaintiff's claim for indemnity and contribution.

3.   Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.


Dated:  New York, New York
        November 7, 2007

                                Respectfully submitted,

                                _____
                                Raymond P. Hayden (RH-5733)
                                James A. Saville, Jr. (JS-4835)
                                Kipp C. Leland (KL-0932)
                                HILL, RIVKINS & HAYDEN LLP
                                45 Broadway
                                Suite 1500
                                New York, New York  10006
                                (212) 669-0600

                                --and---

          Raymond L. Massey
          David D. Farrell
          THOMPSON COBURN LLP
          One US Bank Plaza, Suite 2600
          St. Louis, MO 63101
          (314) 552-6000
          Attorneys for Plaintiff Energizer, S.A.

29509\Reply to Counterclaim