KARDARAS & KELLEHER LLP
44 Wall Street
New York, NY 10005
(212) 785-5050
Attorneys for Defendant
SHENZHEN HIGH POWER
TECHNOLOGY CO. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ENERGIZER S.A., :

                Plaintiff, :    Docket No. 07 CV 7406 (LTS)

    Against :

M/V YM GREEN her engines, boilers and :
Tackle *in rem*; YANG MING MARINE
TRANSPORT CORP.; YANGMING (UK) LTD.; :  **ANSWER OF DEFENDANT**
ALL OCEANS TRANSPORTATION INC.;   **HIGH POWER TECHNOLOGY**
KAWASAKI KISEN KAISHA LTD.; CONTERM :  **CO. LTD. TO COMPLAINT OF**
HONG KONG LTD.; VANGUARD LOGISTICS   **ENERGIZER S.A. and CROSS-**
SERVICES HONG KONG LTD.; :  **CLAIMS and COUNTER-CLAIM**
FIEGE GOTH CO., LTD.; and SHENZHEN   **OF DEFENDANT**
HIGH POWER TECHNOLOGY CO. LTD. :

                Defendants. :

-----------------------------------------------------------X

       Defendant, Shenzhen High Power Technology Co. Ltd. ("High Power"), through its attorneys Kardaras & Kelleher LLP, as and for its Answer to the Complaint of Energizer S.A. ("Energizer") alleges upon information and belief as follows:

       1.    Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 1, except admits that Energizer purchased a shipment of batteries from High Power.

2. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 6 of the Complaint, except admits its understanding that Defendant CONTERM HONG KONG LTD. ("Conterm") provides services in Hong Kong for shipping goods by sea.

7. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 7 of the Complaint, except admits its understanding that Defendant VANGUARD LOGISTICS SERVICES HONG KONG LTD. ("Vanguard") provides services in Hong Kong for shipping goods by sea.

8. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the Complaint.

9. Admits the allegations of paragraph 9 of the Complaint.

### JURISDICTION

10. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint.

- 3 -

11. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint.

## HIGH POWER'S ANSWER TO THE FIRST CAUSE OF ACTION

12. High Power repeats and realleges each and every allegation of paragraphs 1 – 11 of its Answer as if fully set forth herein.

13. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint.

## HIGH POWER'S ANSWER TO THE SECOND CAUSE OF ACTION

19. High Power repeats and realleges each and every allegation of paragraphs 1 – 18 of its Answer as if fully set forth herein.

20. High Power admits that there was delivered to Defendants Conterm and/or Vanguard the shipment of batteries which said defendants received, accepted and agreed for certain consideration to load, stow and/or consolidate into ocean-going containers. Except as

expressly admitted, High Power denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 20 of the Complaint.

21. Admits the allegations of paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 22 of the Complaint.

23. Admits that Energizer was the consignee and owner of the batteries manufactured by High Power and sold to Energizer as appears more fully in paragraphs 31 of the Complaint and of this Answer. Except as expressly admitted, High Power denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the Complaint.

### HIGH POWER'S ANSWER TO THE THIRD CAUSE OF ACTION

26. High Power repeats and realleges each and every allegation of paragraphs 1 – 25 of its Answer as if fully set forth herein.

27. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 29 of the Complaint.

## HIGH POWER'S ANSWER TO THE FOURTH CAUSE OF ACTION

30. High Power repeats and realleges each and every allegation of paragraphs 1 – 29 of its Answer as if fully set forth herein.

31. High Power admits that agreements existed between it and Energizer in respect of the batteries manufactured by High Power and ordered and purchased by Energizer pursuant to its PO#4500454626 which was dated 5 May 2006 and specified shipment to Energizer in Switzerland. Except as expressly admitted, High Power denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 31 of the Complaint

32. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 34 of the Complaint, except expressly denies that High Power has breached or failed to comply with any term or condition of its agreements with Energizer.

35. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 35 of the Complaint, except expressly denies that it is liable to Energizer for any direct loss or damage or that it is liable by way of express and/or implied indemnity and/or part or full contribution for such third party claims as Energizer alleges, or for expenses, including attorneys' fees and costs, which Energizer may incur in defending such third party claims as Energizer alleges and/or in pursuing any recovery whatsoever from High Power.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36. Energizer's Complaint fails to state a claim against High Power upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37. Energizer's Complaint fails to join a party or parties who are necessary for or indispensable to a just adjudication of its causes of action pursuant to Rule 19 of the Fed. R. Civ. P., to wit: the owner(s) of other cargoes stowed in the container carrying the batteries or of other cargoes stowed in adjacent containers (hereinafter, collectively the "Adjacent Cargoes") which caused or contributed to the fire and to the consequent losses and damages to Energizer and to third parties, all as alleged in Energizer's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38. The batteries were manufactured by High Power and sold, delivered, and shipped to Energizer pursuant to written agreement(s) between Energizer and High Power.

39. High Power claims the full benefit of all defenses, exceptions, exemptions and limitations contained in or applicable to said written agreement(s) and/or as otherwise apply under the laws governing said written agreement(s) and/or the laws governing the relationship between High Power and Energizer.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40. The batteries were delivered in good order and condition into the custody and control of and were received and accepted by Conterm, Vanguard and/or another as yet unidentified party or parties who, for proper consideration, provided logistics services including consolidation, loading, stowage and securing of said batteries in a container and shipping of said container by sea.

- 7 -

41. Any loss and damage to the batteries or to Energizer's other cargo as alleged in paragraphs 14 and 25 of the Complaint and the third-party losses and damages alleged in paragraphs 14, 15, 22, 27 and 33 of the Complaint were not caused or contributed to in any way by High Power, but were caused or contributed to by the recklessness, fault, neglect, errors, omissions and/or breach of contract or warranty, express or implied, of Conterm, of Vanguard, and/or of such other yet unidentified party or parties in the consolidation, loading, stowage, and securing of the batteries in a container and in the shipping of said container by sea.

42. High Power is not responsible or liable in any respect for said recklessness, fault, neglect, errors, omissions and/or breach of contract or warranty, express or implied, of Conterm, of Vanguard, and/or of such other yet unidentified party or parties.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43. The batteries, as consolidated, loaded, stowed, and secured within an ocean-going container, were shipped aboard the M/V YM GREEN at Hong Kong for carriage by sea on or about 1 August 2006.

44. Any loss and damage to the batteries or to Energizer's other cargo as alleged in paragraphs 14 and 25 of the Complaint and the third-party losses and damages as alleged in paragraphs 14, 15, 22, 27 and 33 of the Complaint were not caused or contributed to in any way by High Power but were caused or contributed to by the recklessness, fault, neglect, errors, omissions and/or breach of contract or warranty, express or implied, of one or more third parties including, without limitation one or more of the Defendants named in Energizer's Complaint and/or one or more yet unidentified party or parties.

45. High Power is not responsible or liable in any respect for said recklessness, fault, neglect, errors, omissions and/or breach of contract or warranty, express or implied, by said third party or parties, or by Defendants and/or by such other yet unidentified party or parties.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. Any loss and damage to the batteries or to Energizer's other cargo as alleged in paragraphs 14 and 25 of the Complaint and the third-party losses and damages as alleged in paragraphs 14, 15, 22, 27 and 33 of the Complaint were not caused or contributed to in any way by High Power but were caused or contributed to by the recklessness, fault, neglect, errors, omissions and/or breach of contract or warranty, express or implied, by Energizer, its agents, suppliers, contractors, affiliates or subsidiaries in regard to the consolidation, loading, stowage, and securing of said batteries in a container and shipping of said container by sea.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

47. Any loss and damage to the batteries or to Energizer's other cargo as alleged in paragraphs 14 and 25 of the Complaint and the third-party losses and damages as alleged in paragraphs 14, 15, 22, 27 and 33 of the Complaint were not caused or contributed to in any way by High Power but were caused or contributed to by the recklessness, fault, neglect, errors, omissions and/or breach of contract or warranty, express or implied, by the shippers or owners of the Adjacent Cargoes, or by their agents, suppliers, contractors, affiliates, or subsidiaries in respect of the packing, consolidation, loading, stowage and securing of the Adjacent Cargoes and/or by the defect, vice or dangerous or hazardous nature or quality of the Adjacent Cargoes.

48.    High Power is not responsible or liable in any respect for said recklessness, fault, neglect, errors, omissions and/or breach of contract or warranty, express or implied, of said shippers or owners of Adjacent Cargoes or of their agents, suppliers, contractors, affiliates or subsidiaries.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

49.    High Power claims the benefit of all defenses, exceptions, exemptions and limitations contained in or applicable to any bills of lading or contracts of carriage pursuant to which the batteries or the Adjacent Cargoes were carried aboard the Vessel, including, without limitation, the Himalaya Clauses and/or Jurisdiction Clauses and/or Forum Clauses contained in or applicable to such bills of lading and/or contracts of carriage and/or as otherwise exist and apply under the laws governing said bills of lading and/or contracts of carriage.

### AS AND FOR CROSS-CLAIMS AGAINST DEFENDANTS M/V YM GREEN; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN LAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; and FIEGE GOTH CO. LTD.

50.    High Power repeats and realleges each and every allegation of paragraphs 1 – 49 of its Answer as if fully set forth herein.

51.    If there was any loss or damage to the batteries or to Energizer's other cargo as alleged in Energizer's Complaint, which is denied, or any third-party losses or damages as alleged in Energizer's Complaint, which is denied, and/or any other and additional losses and damages to be claimed by other third parties as a consequence of the alleged fire in hold 4 of the M/V YM GREEN, which are denied, then said losses or damages were brought about by the recklessness, fault, neglect, errors, omissions and/or breach of contract or warranty,

express or implied, of one or more of M/V YM GREEN; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN LAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; and FIEGE GOTH CO. LTD. and by reason thereof, Defendant High Power is entitled to full indemnity by and/or contribution from one or more of co-Defendants M/V YM GREEN; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN LAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; and FIEGE GOTH CO. LTD. for all losses and damages, including reasonable attorney's fees and expenses, incurred by High Power in the defense of this action.

## AS AND FOR A COUNTER-CLAIM AGAINST ENERGIZER

52.     High Power repeats and realleges each and every allegation of paragraphs 1 – 51 as if fully set forth herein.

53.     Certain third parties, including the other Defendants sued in this action, may claim against High Power for the losses and damages alleged in Energizer's Complaint and/or for other and additional losses and damages as a consequence of the alleged fire in hold 4 of the M/V YM GREEN, including their costs, expenses and attorney's fees, liability for all of such losses and damages, costs, expenses and attorney's fees High Power has expressly denied.

54.     To the extent that High Power is held liable to any of such third parties, or to the extent that High Power suffers any loss or damage or incurs any costs, expenses and attorney's fees as a consequence of defending this action and/or the claims of any such third

parties, then High Power is entitled to indemnity and/or contribution from Energizer by virtue of the written agreement(s) between them, and/or as otherwise arise by virtue of the laws governing said written agreement(s) and/or the laws governing the relationship between High Power and Energizer.

**WHEREFORE,** Defendant High Power prays:

1. That Energizer's Complaint against it be dismissed with prejudice together with costs, disbursements and attorney's fees incurred in the defense of this action.

2. That High Power be indemnified by and/or granted contribution from one or more of co-Defendants M/V YM GREEN; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN LAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; and FIEGE GOTH CO. LTD. for all losses, damages, claims and/or liabilities that may be incurred by High Power by virtue of the direct and third-party claims alleged in Energizer's Complaint or which may be asserted by any third parties as a consequence of the alleged fire in hold 4 of the M/V YM GREEN, together with High Power's costs, expenses and attorney's fees.

3. That High Power be indemnified by and/or granted contribution from Energizer for all liabilities, costs, expenses and attorney's fees incurred by High Power as a result of claims filed by co-Defendants and/or other third parties as a consequence of the alleged fire in hold 4 of the M/V YM GREEN.

4. That High Power be granted such other and additional relief as may be appropriate in the circumstances.

Dated: New York, NY
January 8, 2008

                                       KARDARAS & KELLEHER, LLP
                                       44 Wall Street
                                       New York, NY 10005
                                       Attorneys for Defendant
                                       SHENZHEN HIGH POWER
                                       TECHNOLOGY CO. LTD.

                             By: _____
                                     William P. Kardaras (WC-8835)


To:     HILL RIVKINS & HAYDEN LLP
         Attorneys for Plaintiff
         45 Broadway, Suite 1500
         New York, NY 10006

         CICHANOWICZ CALLAN KEANE
         VENGROW & TEXTOR LLP
         Attorneys for Defendants
         YANG MING MARINE TRANSPORT CORP.
         and YANGMING (UK) LTD.
         61 Broadway, Suite 3000
         New York, NY 10006

         MAHONEY & KEANE
         Attorneys for Defendant
         KAWASAKI KISEN KAISHA LTD.
         111 Broadway, 10th floor
         New York, NY 10006

         DOUGHERTY RYAN GIUFFRA
         ZAMBITO & HESSION
         Attorneys for Defendant
         CONTERM HONG KONG LTD. and
         VANGUARD LOGISTICS SERVICES HONG KONG LTD.
         313 E. 38th Street
         New York, NY 10016

         LENNON MURPHY & LENNON
         Attorneys for Defendant
         FIEGE GOTH CO. LTD.
         The Greybar Building
         420 Lexington Ave., Suite 300
         New York, NY 10170