**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -*X*

ENERGIZER S.A.,                                      :          Docket No. 07 cv 7406 (LTS)

                                  Plaintiff,          :

          - *Against* -                               :

M/V YM GREEN her engines, boilers and        :
tackle *in rem*; YANG MING MARINE            :          **PRELIMINARY**
TRANSPORT CORP.; YANGMING (UK) LTD.;  :          **PRE-TRIAL STATEMENT**
ALL OCEANS TRANSPORTATION INC.;              :
KAWASAKI KISEN KAISHA LTD.; CONTERM :
HONG KONG LTD.; VANGUARD LOGISTICS  :
SERVICES HONG KONG LTD.;                       :
FIEGE GOTH CO., LTD.; and SHENZHEN HIGH :
POWER TECHNOLOGY CO. LTD.                     :

                                  Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -*X*

        The parties having met and conferred pursuant to Rule 16 of the Federal Rules of Civil

Procedure and paragraph 3 of the Court's Initial Conference Order, hereby submit the following

Preliminary Pre-Trial Statement:

1.       **The nature of the action and the basis of this Court's jurisdiction**

        This action arises out of the transportation of batteries in August 2006 from Hong Kong to

Basel, Switzerland via Hamburg, Germany aboard the M/V YM GREEN pursuant to bills of

lading issued by defendant Conterm Hong Kong Ltd. ("Conterm"). The batteries were designed

and manufactured by defendant Shenzhen High Power Co. Ltd. ("High Power"). High Power sold

the batteries to plaintiff Energizer S.A. Defendants Vanguard Logistics Services Hong Kong Ltd.

("Vanguard"), or a representative of theirs or of Conterm, and Fiege Goth Co. Ltd. were involved in the loading and consolidating of the batteries and other cargo into container KKFU1500170. Defendant All Oceans Transportation Inc. was the registered owner of the vessel, defendants Yang Ming Marine Transport Corp. and Yangming (UK) Ltd. managed, operated and/or chartered the vessel and defendant Kawasaki Kisen Kaisha Ltd. ("K-Line") was a slot charterer who issued a bill of lading to defendant Fiege.

On or about August 6, 2006, following a port call in Singapore, a fire broke out on the vessel that included hold no. 4 resulting in a total loss of plaintiff's cargo and damage to other cargoes on the vessel. Certain salvage expenses were incurred and vessel interests declared General Average.

This Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. 1333 and has subject matter jurisdiction over plaintiff's claims against High Power pursuant to 28 U.S.C. §1367 in that those claims form part of the same case or controversy under Article III of the United States Constitution.

## 2.   A concise statement of all material uncontested or admitted facts, uncontested legal issues and legal issues to be decided by the Court

This action arises out of the transportation of batteries in August 2006 from Hong Kong to Basel, Switzerland via Hamburg, Germany aboard the M/V YM GREEN pursuant to bills of lading issued by defendants Conterm and K-Line. The batteries were designed and manufactured by defendant High Power and sold by High Power Energizer S.A.

Defendants Vanguard and Fiege were involved in the loading and consolidating of the batteries and other cargo into container KKFU1500170. The vessel was owned by defendant All Oceans and the Yang Ming defendants chartered, operated and managed the vessel.

As there are claims, cross claims and counterclaims for indemnity and contribution, the Court will be required to decide the liability of each party, the damages, if any, to which they would be entitled and which party, if any, is entitled to indemnity and by whom.

3.    **Concise Statement of material disputed facts**

At this early stage of the litigation, aside from the agreed facts set forth above, the parties dispute the remaining material facts, including but not limited to, those facts surrounding the cause and origin of the fire aboard the M/V YM GREEN.

4.    **Concise Statement by each plaintiff and counterclaimant as to the legal basis of each cause of action asserted**

*Plaintiff:*

Plaintiff's causes of action against defendant Conterm, Fiege and Vanguard are based upon the belief that to the extent that the fire aboard the YM GREEN is alleged to have originated in container KKFU1500170, it was the manner in which these parties stowed the cargo in the container that was actual and proximate cause of the fire.    Plaintiff submits that High Power contractually agreed to indemnify and hold Energizer harmless from "any and all claims from any person or persons for bodily injury or property damage arising directly or indirectly from the product or services provided by Seller[High Power]." Accordingly, Plaintiff's cause of action against High Power for indemnity and contribution is based upon this agreement.    Plaintiff's claims against the vessel defendants are based upon a breach of their duties and obligations and common carriers and bailees to safely carry plaintiff's cargo, and arises under the Conterm Bill of Lading No. HKGBSL66272C that covers this shipment at issue, which contains a forum selection clause requiring all claims against the vessel interests and their servants to be filed exclusively in the United States District Court for the Southern District of New York.

**High Power:**

Defendant High Power delivered the Energizer NiMH batteries in good order and condition pursuant to Energizer S.A.'s instructions to defendants Conterm Hong Kong Ltd. and/or Vanguard Logistics Services Hong Kong Ltd. and/or Fiege Goth Co., Ltd., and, to the extent that it is alleged that the NiMH batteries were involved in causing the fire aboard the M/V YM GREEN, it is submitted that defendants Conterm and/or Vanguard and/or Fiege Goth had a duty to stow and consolidate the NiMH batteries in a proper manner which they failed to do causing and/or contributing to the fire. The vessel owner, All Oceans Transportation Inc. and/or operators and/or charterers and/or slot charterers had a duty to properly stow the involved container and breached their duties and obligations to safely carry the NiMH batteries.

**Yang Ming:**

Defendant Yang Ming has counter-claimed against plaintiff on the basis that the fire started inside the container in which plaintiff's cargo was stowed and such fire was caused by plaintiff's defective batteries, their defective manufacture and/or their improper stowage by plaintiff or its agents or contractors within the containers. Under Section 4(3) of the United States Carriage of Goods Sea Act ("COGSA"), the shipper is responsible for loss or damage sustained by the carrier or ship arising from the fault, act, or neglect of the shipper or its agents or servants. To the extent the batteries are considered dangerous goods, Section 4(6) of COGSA makes the shipper strictly liable for damages where the carrier is without actual or constructive knowledge of the dangerous nature of the cargo. Senator Linie v. Sunway Line, 291 F. 3d 145 (2d Cir. 2002). To the extent Japanese law applies (see below), the Japanese carriage of goods by sea law contains provisions similar to the above-referenced sections of COGSA.

Yang Ming's cross-claims against defendants Conterm, Fiege, and Vanguard include the allegations that the batteries were improperly stowed within the container. The cross-claim against defendant K-Line (subject to arbitration) is based on the provisions of the charter party contract between Yang Ming and K-Line. The cross-claim against defendant High Power is based on the defective manufacture of the batteries, giving rise to claims for strict liability, failure to warn, negligence, and/or breach of warranty.

Damages sought by Yang Ming include repairs to the vessel's hull, loss of containers, indemnity for cargo claims, indemnity for liabilities to third-parties, recovery of salvage liability, an award that the parties contribute their general average shares and that the party found responsible for the incident indemnify and hold Yang Ming harmless with regard to Yang Ming's G.A. share.

**Conterm and Vanguard:**

Defendants Conterm and Vanguard put plaintiff to its proof that relief may be granted against them or either of them on the bases alleged; that plaintiff is the real party in interest; that the provisions of the Conterm Bill of Lading and applicable law exonerate them from liability, inclusive of the Fire Statute and fire defense or limit Conterm and/or Vanguard's liability; that the venue of this action is improper; that at all relevant times, Vanguard acted as an agent for a disclosed principal; that personal jurisdiction over Vanguard is lacking; and that these defendants claim the benefit of all defenses raised by their co-defendants insofar as may be applicable.

These defendants contend that if any liability exits on their part or either of them, they are entitled to indemnity or contribution, as the case may be.

Further, these defendants are amending their Answer to include a contingent Counterclaim against plaintiff.

**K-Line**

K Line refers to its comments in Section 5 below in response to Section 4.

**Fiege**

Fiege refers to its comments in Section 5 below as its response to Section 4 hereof.

5. **Concise Statement by each defendant as to the legal basis of each defense asserted**

**High Power:**

Defendant High Power's defenses arise from the delivery of the NiMH batteries in good order and condition and each of the defendants had a duty and/or obligation to properly load, stow and/or consolidate the cargo of batteries which duty they breached causing the involved damages. There was also stowed and/or consolidated in the subject container batteries manufactured by others which also should be made necessary parties in this litigation. There also was other cargo in the subject container and other containers which will be ascertained during discovery and which may be the origin of the fire. Discovery is necessary to particularly set forth defendant High Power's defenses. Defendant High Power reserves its right to supplement its defenses following discovery.

**Yang Ming:**

Yang Ming's defenses include the fire defense contained in the Fire Statute, 46 U.S.C. App. 182 and in Section 4(2)(b) of COGSA (or Japanese law equivalent). Essentially, the carrier is not responsible for damage to cargo caused by fire unless the fire is caused by the actual fault or privity of the carrier. The contract of carriage for the subject container is a bill of lading issued by defendant K-Line which contains a mandatory Tokyo jurisdiction clause for cargo claims. The so-called Himalaya Clause of that bill of lading extends K-Line's defenses to various entities that include the vessel operator, Yang Ming.

Yang Ming is entitled to invoke the defenses of the bill of lading including the Tokyo forum clause as against plaintiff's claims. Street, Sound Around v. M/V ROYAL CONTAINER, 30 F. Supp. 2d 661 (S.D.N.Y. 1999). In the alternative, plaintiff's complaint should be dismissed on forum non conveniens grounds, as the shipment had no connection with New York.

**Conterm and Vanguard:**

See response to 4. Conterm and Vanguard reserve the right to amend the provisions hereof as further facts are revealed.

**K-Line**

"Kawasaki Kisen Kaisha Ltd. ("K Line") is not liable on the Complaint of plaintiff, Energizer S.A., as K Line did not breach any duties or obligations to safely carry plaintiff's cargo. Moreover, K Line is entitled to complete indemnity and/or contribution by contract and operation of law as the fire was caused by the wrongful acts or omissions of other parties to this action to which K Line bears no responsibility or liability. Those other parties were otherwise in breach of statutory and/or common law warranties and duties, as well as contractual undertakings entered into with or for the benefit of K Line and which entitle K Line to be held harmless and indemnified. Accordingly, K Line asserts conditional counter-claims and cross-claims against plaintiff and co-defendants, respectively. The amount of the indemnification damages hinges upon the outcome of this litigation and the extent to which costs, expenses, and fees, including attorneys' fees, are caused to accrue. K Line is also entitled to complete exoneration from all liability pursuant to, inter alia, the protections of the Fire Statute and/or the Fire defense referred to herein. It is also anticipated that K Line will shortly be interposing an answer containing several affirmative defenses, including, inter alia, jurisdictional and statutory defenses, including the right to arbitrate certain disputes, as well as allegations as to venue and forum-selection, none of which

7

should be deemed waived and which K Line will reserve the right to supplement and/or amend as additional facts become known to it during the course of this litigation."

**Fiege**

Fiege  is not liable to Plaintiff, Energizer S.A., or to any of its co-defendants on any counterclaims asserted against it as it did not commit any breach of contract or duty to any party with regard to its role in coordinating the loading of the container carrying the High Power cargo, which was defective, and which in turn caused the loss and damage to plaintiff's cargo.  To the extent Fiege is found liable to Plaintiff or to any co-defendant on any counterclaim, it is entitled to indemnity and/or contribution from its co-defendants as the fire was caused by the wrongful acts or omissions of parties other than Fiege, for which it is not liable.  Accordingly, as and when Fiege answers the Plaintiff's Complaint, it will assert indemnity/contribution cross-claims against its co-defendants.

Fiege claims exoneration from liability pursuant to the Fire Statute and/or the Fire defense, 46 U.S.C. App. 182 and in Section 4(2)(b) of COGSA, as well as pursuant to any/all relevant contracts to which it is a party.  When Fiege answers the Plaintiff's Complaint, it will raise as affirmative defenses: lack of personal jurisdictional, arbitration, venue and forum non conveniens. To the extent that any co-defendant seeks dismissal of the Plaintiff's Complaint on these grounds, Fiege reserves the right to join in such motion, but otherwise is prepared to consent to the resolution of this dispute before this Court so long as all parties presently joined in the litigation remain in the litigation.

6.    **Concise statement as to the relevant burdens of proof**

**Plaintiff's Burden of Proof Contention:**

The burdens of proof in a cargo damage case are well established. Plaintiff must demonstrate delivery to the carrier in good order and condition, outturn by the carrier in damaged condition and the quantum of the loss. See Transatlantic Marine Claims Agency, Inc. v. M/V OOCL INSPIRATION, 137 F.3d 94 (2d Cir. 1998). A plaintiff may also discharge its burden by demonstrating that the nature of the damage suffered by the goods justifies the conclusion that the damage took place while in the possession of the carrier. Id.

Once plaintiff meets this initial burden, the burden shifts to the carrier to demonstrate that the cause of the damage is one for which it is in not liable under the applicable law. To the extent that defendants chose to invoke the fire defense and/or the Fire Statute once the carrier shows that the damage was caused by fire, it becomes plaintiff's burden to prove the carrier's negligence caused the damage. To the extent that any claim, cross claim or counterclaim sounds in negligence, the burden of proof is well established.

Plaintiff disputes the burden of proof contention put forth by Yang Ming regarding COGSA.

**Yang Ming's Burden of Proof Contention:**

Under Yang Ming's counter-claim based on COGSA Section 4(3), Yang Ming has the burden of proving that the damage resulted from some act, fault, or neglect of the shipper or its agents or servants. Under Yang Ming's counter-claim based on COGSA section 4(6), plaintiff and cross defendants Conterm, Fiege, Vanguard, and High Power are strictly liable for damage caused by dangerous goods, even if plaintiff had no knowledge of the dangerous nature, and the burden is

on them to show that the carrier had pre-shipment knowledge of the dangerous nature of the goods. Senator Linie, supra. Under the Fire Defense, plaintiff has the burden of showing the fire was caused by the actual fault or privity of the carrier.

On the forum selection clause defense, such clauses are presumptively enforceable and the burden is on the plaintiff to show one of the limited exceptions to enforcement set forth in BREMEN v. Zapata, 407 U.S. 1 (1972).

**Conterm and Vanguard**

Insofar as these defendants are concerned, the data set forth under the heading "Plaintiff's Burden of Proof Contention" is adopted.

As for "Yang Ming's Burden of Proof Contention," these defendants dispute that they or either of them is strictly liable for the damage allegedly sustained for, among other reasons, the cause of the fire and damage alleged is unknown.

**Fiege**

Fiege reiterates and adopts Conterm and Vanguard's position on the relative burdens of proof.

7.    **Discovery**

    (a)    Discovery is needed on the following subjects:
        1. Liability
        2. Damages
        3. Indemnity and Contribution

    (b)    The parties do not believe that discovery should be conducted in phases or limited to particular issues and the parties do not believe that any changes should be made in the limitations imposed on discovery under the Federal Rules of Civil Procedure or the Local Civil Rules for the Southern District of New York.

The parties do note, however, that many of the parties are foreign companies and discovery will involve obtaining documents and deposing witnesses from *inter alia* Hong Kong and China, the port of loading and the place of manufacturing the batteries.

(c) The parties do not believe any changes should be made to the timing, form or requirements for disclosures under Rule 26(a).

The parties intend to exchange the initial disclosures required under Rule 26 on or before: March 28, 2008.

(d) The parties propose the following discovery plan:

    (1)    Amendments to pleadings may be filed by January 31, 2008 without leave of the Court

    (2)    Thereafter, Motions to amend or to add parties to be filed no later than April 15, 2008.

    (3)    Fact discovery shall be completed by April 15, 2009.

    (4)    Plaintiff shall serve its expert report upon defendants pursuant to Federal Rule of Civil Procedure 26(a)(2) no later than May 29, 2009.

    (5)    Defendant shall serve its expert report upon plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2) no later than July 16, 2009.

    (6)    Expert discovery to be completed by October 1, 2009.

    (7)    Dispositive motions to be served within 30 days of completion of all discovery.

## 8.    **Trial by Magistrate**

The parties do not consent to the trial being conducted by a Magistrate Judge.

9.    This matter is not to be tried to a jury. The parties expect a bench trial to last 3-4 weeks. The parties do believe that a bifurcated trial is appropriate.

**10.**    **Settlement**

After meeting and discussing the possibility of settlement, the parties have agreed that it is premature at this stage to consider settlement.

Dated: New York, New York
       January __, 2008

                         HILL RIVKINS & HAYDEN LLP
                         Attorneys for Plaintiff

       By:                               
                         Raymond P. Hayden
                         James A. Saville, Jr.
                         Kipp C. Leland
                         45 Broadway, Suite 1500
                         New York, New York 10006
                         (212) 669-0600

Dated: New York, New York
       January 2 2, 2008

                         CICHANOWICZ, CALLAN, KEANE, VENGROW &
                         TEXTOR LLP
                         Attorneys for Defendants
                         Yang Ming Transport Corp. and
                         Yangming (UK) Ltd.

       By:                               
                         Paul M. Keane (PK-5934)
                         61 Broadway, Suite 3000
                         New York, New York 10006-2802
                         (212) 344-7042

Dated: New York, New York
          January 22, 2008

                          MAHONEY & KEANE LLP
                          Attorneys for Defendant
                          Kawasaki Kisen Kaisha Ltd.

                By:      _Edward Keane /kec_____
                          Edward A. Keane
                          111 Broadway, 10th Floor
                          New York, New York 10006
                          (212) 385-1422

Dated: New York, New York
          January 22, 2008

                          DOUGHERTY, RYAN, GIUFFRA, ZAMBITO &
                          HESSION
                          Attorneys for Defendant
                          Conterm Hong Kong Ltd. and
                          Vanguard Logistics Services Hong Kong Ltd.

                By:      _Peter Zambito /kec_____
                          Peter J. Zambito (PZ-9362)
                          131 East Thirty-Eighth Street
                          New York, New York 10016
                          (212) 889-2300

Dated: New York, New York
      January 22, 2008

                           LENNON, MURPHY & LENNON LLC
                           Attorneys for Defendant
                           Fiege Goth Co. Ltd.

                           By: _____
                                  Patrick J. Lennon
                                  420 Lexington Avenue, Suite 300
                                  New York, New York 10170
                                  (212) 490-6050

Dated: New York, New York
      January 22, 2008

                           KARDARAS & KELLEHER LLP
                           Attorneys for Defendant
                           Shenzhen High Power Technology Co. Ltd.

                           By: _____
                                  William P. Kardaras
                                  44 Wall Street
                                  New York, New York 10005
                                  (212) 785-5050

SO ORDERED:


_____
LAURA TAYLOR SWAIN
United States District Judge

14

# HILL RIVKINS & HAYDEN LLP

## 45 Broadway – Suite 1500
## New York, New York 10006-3739
## 212-669-0600
## Fax: 212-669-0698/99
## E-mail:TheFirm@HillRivkins.com

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| The Hon. Laura Taylor Swain<br>United States District Judge | Raymond P. Hayden |

| COMPANY: | DATE: |
|---|---|
| United States District Court, Southern District of New York | January 22, 2008 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 212-805-0426 | 17 |

| PHONE NUMBER: | OUR FILE NUMBER: |
|---|---|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Energizer, S.A. v. M/V YM Green | 07 Civ. 7406 (L:TS)(GWG) |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

Please see the attached.

CC:

BY FAX 212 344-7285
Paul Keane
Cichanowicz Callan Keane
Vengrow & Textor LLP
Counsel for Yang Ming
Marine Transport Corp.
and Yangming (UK) Ltd.
61 Broadway, Suite 3000
New York, New York 10006

BY FAX 212-385-1605
Ed Keane
Mahoney & Keane
Counsel for Kawasaki Kisen Kaisha Ltd.
111 Broadway, 10th Floor
New York, New York 10006

BY FAX 212-889-1288
Pete Zambito
Dougherty Ryan Giuffra Zambito & Hession

Counsel for Conterm Hong Kong Ltd. and
Vanguard Logistics Services Hong Kong Ltd.
313 E. 38th Street
New York, New York 10016

BY FAX 212-490-6070
Patrick Lennon
Lennon Murphy & Lennon
Counsel for Fiege Goth Co. Ltd.
The Greybar Building
420 Lexington Ave
Suite 300
New York, New York 10170

BY FAX 212-785-5055
William Kardaras
Kardaras & Kelleher
Counsel for Shenzhen High Power
Technology Co. Ltd.
44 Wall Street 16th Floor
New York, New York 10005

● NOTE: THIS FACSIMILE AND ANY DOCUMENTS TRANSMITTED WITH IT ARE CONFIDENTIAL AND ARE SOLELY FOR THE USE OF THE INTENDED RECIPIENT. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON RESPONSIBLE FOR DELIVERING TO THE INTENDED RECIPIENT, BE ADVISED THAT YOU HAVE RECEIVED THIS FACSIMILE IN ERROR AND THAT ANY USE IS STRICTLY PROHIBITED, IN WHICH CASE WE WOULD APPRECIATE YOUR IMMEDIATELY CONTACTING US AT THE NUMBER ABOVE.