DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendants
CONTERM HONG KONG LTD. and VANGUARD LOGISTICS
SERVICES HONG KONG LTD.
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ENERGIZER S.A.,                                             **ECF CASE**

                              Plaintiff,                    07 Civ. 7406 (LTS)

                    - against -                             **AMENDED
                                                            ANSWER AND CROSSCLAIM**

M/V YM GREEN, her engines, boilers and tackle
*in rem*, YANG MING MARINE TRANSPORT
CORP., YANGMING (UK) LTD., ALL
OCEANS TRANSPORTATION INC.,
KAWASAKI KISEN KAISHA LTD., CONTERM
HONG KONG LTD., VANGUARD LOGISTICS
SERVICES HONG KONG LTD., FIEGE GOTH
CO., LTD. and SHENZHEN HIGH POWER
TECHNOLOGY CO. LTD.,

                              Defendants.
------------------------------------------------------------X

        CONTERM HONG KONG LTD. (hereinafter "CONTERM") and VANGUARD

LOGISTICS SERVICES HONG KONG LTD. (hereinafter "VANGUARD"), by their attorneys,

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, answering the Complaint

propounded by the plaintiff  herein, respectfully show to the Court and allege upon information

and belief as follows:

        1.  Denies having sufficient knowledge or information to form a belief as to the

allegations contained in paragraphs 1, 2, 3, 4, 5, 8, 9, 10 and 11 of the Complaint.

2.  Admits that at and during all the times hereinafter mentioned, CONTERM was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1 Lockhart Road, Chung Nam Building, 14th Floor, Wanchai, Hong Kong and, except as so admitted, denies the allegations contained in paragraph 6 of the Complaint.

3.  Admits that at and during all the times hereinafter mentioned, CONTERM was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 36/F Vicwood Plaza, 199 Des Voeux Road Central, Hong Kong and, *inter alia*, generally provides consolidation and logistics services and, except as so admitted, denies the allegations contained in paragraph 7 of the Complaint.

ANSWERING THE FIRST CAUSE OF ACTION

4.  Defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect as if set forth here at length.

5.  Admits that on or about July of 2006, there was delivered two shipments said to consist of batteries which was received, accepted and agreed to transport for certain consideration from Hong Kong to Basel, Switzerland via Hamburg, Germany pursuant to Bill of Lading Nos. HKGBSL65972C and HKGBSL66272C.  As an ocean shipment from Hong Kong to Germany, the Hague-Visby rules govern and, except as so admitted, denies the allegations contained in paragraph 13 of the Complaint except denies having sufficient knowledge or information to form a belief as to the co-defendants.

6.  Denies the allegations contained in paragraphs 15 of the Complaint and denies having sufficient knowledge or information to form a belief as to the co-defendants.

7.   Denies having sufficient knowledge or information to form a belief as to the

allegations contained in paragraphs 14 and 16 of the Complaint.

8.  Denies the allegations contained in paragraphs 17 and 18 of the Complaint.

ANSWERING THE SECOND CAUSE OF ACTION

9.  Defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect as if set forth here at length.

10.  Admits that in or about July of 2006, there was delivered two shipments said to consist of batteries which were received, accepted and agreed for certain consideration to be transported into ocean going containers for loading board the Y/M GREEN and, except as so admitted, denies the allegations contained in paragraph 20 of the Complaint.

11.  Denies the allegations contained in paragraphs 21 and 22 of the Complaint and denies having sufficient knowledge or information to form a belief as to the defendant Fiege.

13.  Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 23 of the Complaint.

14.  Denies the allegations contained in paragraphs 24 and 25 of the Complaint.

ANSWERING THE SECOND CAUSE OF ACTION

15.  Defendants repeat and reallege each and every paragraph heretofore set forth with the same force and effect as if set forth here at length.

16.  Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 27 of the Complaint.

17.  Denies the allegations contained in paragraphs 28 and 29 of the Complaint and denies having sufficient knowledge or information to form a belief as to the co-defendants

ANSWERING THE FOURTH CAUSE OF ACTION

18.  Defendants repeat and reallege each and every paragraph heretofore set forth with

the same force and effect as if set forth here at length.

19.    Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 31, 32, 33, 34 and 35 of the Complaint.

<u>FOR A FIRST, SEPARATE AND COMPLETE DEFENSE</u>

20.    The Complaint fails to state a cause of action against defendants CONTERM and VANGUARD upon which relief can be granted.

<u>FOR A SECOND, SEPARATE AND COMPLETE DEFENSE</u>

21.    At the time the suit was commenced in this action or at the time when anyloss or damage was sustained by the goods, or at any other material time, the plaintiff herein was not the real party in interest.

<u>FOR A THIRD, SEPARATE AND COMPLETE DEFENSE</u>

22.    These defendants claim the benefits of the CONTERM Bill of Lading and the Bills of Lading issued by any parties for the cargoes in question, inclusive of applicable limitations of liability, insofar as may be applicable.

<u>FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE</u>

23.    Any damage that was caused to plaintiff's cargo was the direct result of an act, fault or neglect of plaintiff, its agents, suppliers, contractors, affiliates or subsidiaries and in regard to the manufacture, stowage, shifting, shipment, securing or packaging of the cargo in question.

<u>FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE</u>

24.    These defendants claim the benefit of the Hague Rules, Hague Visby Amendments, SDR Protocol and any other statutes insofar as may be applicable, inclusive of the fire defense.

<u>FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE</u>

25.  The bringing of this action is not within the proper venue and this matter should be dismissed as a result.

<u>FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE</u>

26.  These defendants claim the benefit of all defenses raised by the co-defendants herein insofar as may be applicable to them or either of them.

<u>FOR AN EIGHTH, SEPARATE AND COMPLETE DEFENSE</u>

27.  At all relevant times defendant VANGUARD acted as an agent for a disclosed principal.

**AS AND FOR A CROSSCLAIM AGAINST**
**M/V YM GREEN, YANG MING MARINE TRANSPORT**
**CORP., YANGMING (UK) LTD., ALL**
**OCEANS TRANSPORTATION INC.,**
**KAWASAKI KISEN KAISHA LTD., FIEGE GOTH**
**CO., LTD. and SHENZHEN HIGH POWER**
**TECHNOLOGY CO. LTD.,**
**(hereinafter "the co-defendants")**

28.  If the plaintiff suffered any damages, which is denied, such damages were caused by the acts, omissions, breach and/or negligence of the co-defendants and/or others acting on their behalf, without any acts, omissions, breach or negligence on the part of defendants CONTERM and VANGUARD contributing thereto.

29.  If the plaintiff suffered any damages, which is denied, and is awarded judgment against  defendants CONTERM and VANGUARD then defendants will be entitled to full and complete indemnity and/or contribution as  the  case may be  from the co-defendants for all losses and damages sustained, together with costs, disbursements and reasonable counsel fees.

### AS AND FOR A CONTINGENT COUNTERCLAIM
### AGAINST PLAINTIFF

30.    Defendants CONTERM and VANGUARD repeat and reallege each and every paragraph heretofore set forth in their Answer to the Complaint with the same force and effect as if set forth here at length.

31.    The said loss and damage was caused in whole or in part by the fault, neglect, breach of contract, and/or breach of warranty of plaintiff in that plaintiff's cargo possessed undeclared hazardous nature and characteristics and was improperly manufactured, loaded, stowed and/or handled or those for whom plaintiff is responsible, thus causing the fire complained of.

32.  To the extent defendants CONTERM and VANGUARD are held liable to any of the aforesaid claimants, or to the extent said defendants suffer any loss or damage, they are entitled to indemnity and/or contribution from plaintiff.

**WHEREFORE**, defendants CONTERM and VANGUARD pray:

1.  That the Complaint as against them be dismissed, together with costs, disbursements and attorneys' fees incurred in the defense of this action.

2.  That said defendants be indemnified by the co-defendants for all claims, liabilities that may be incurred by them as a result of the fire that took place in the M V YM GREEN.

3. The said defendants be indemnified by plaintiff, Energizer S.A., for all liabilities, costs, disbursements and attorneys' fees incurred by them as a result of the fire that occurred on the M V YM GREEN.

Dated:  New York, New York
       January 30, 2008

                     DOUGHERTY,    RYAN,    GIUFFRA,    ZAMBITO    &
                     HESSION
                     Attorneys for Defendants
                     CONTERM HONG KONG LTD. and VANGUARD
                     LOGISTICS SERVICES HONG KONG LTD.


                     S/ _____
                       PETER J. ZAMBITO     (9362 PZ)

                     OFFICE & P.O. ADDRESS:
                     131 East Thirty Eighth Street
                     New York, N.Y.  10016
                     (212) 889-2300