9017/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendants*
YANG MING MARINE TRANSPORT CORP. and
YANGMING (UK) LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGIZER S.A.,<br><br>                              Plaintiff,<br><br>- against -<br><br>M/V YM GREEN, her engines, boilers and tackle *in rem*.; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN KAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; FIEGE GOTH CO., LTD.; and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.<br><br>                              Defendants. | 07 CV 7406 (Judge Swain)<br><br>ECF CASE<br><br>**AMENDED ANSWER WITH CONTINGENT COUNTER-CLAIM TO THE CROSS-CLAIM OF DEFENDANT KAWASAKI KISEN KAISHA, LTD.** |

Defendants YANG MING MARINE TRANSPORT CORP. and YANGMING (UK) LTD. (both hereinafter "YML"), by their attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answer the cross-claim of defendant Kawasaki Kisen Kaisha, Ltd. and assert a contingent counter-claim against it upon information and belief as follows:

   1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph forty- first.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph forty-second.

3. Admits that YML are foreign corporations, but except are so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph forty-third.

4. Denies the allegations of paragraph forty-fourth.

5. Denies the allegations of paragraph forty-fifth.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

6. The shipments in question were carried from Hong Kong to Basel, Switzerland via Hamburg, Germany pursuant to defendant K-Line bill of lading contracts and were, therefore, subject to the Hague Visby Rules.

7. Defendants, YML, claim the benefit of all exceptions, exemptions and limitations contained in the Hague Visby Rules and K-Line bill of lading to the full extent they may be applicable to them.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

8. The shipments in question were carried pursuant to bills of lading issued by defendant K-Line and, upon information and belief, pursuant to bills of lading issued by underlying defendant Non Vessel Operating Common Carrier (NVOCC) bills of lading.

9. Defendants, YML, claim the benefit of all exceptions, exemptions and limitations contained in any bills of lading issued by any VOCC or NVOCC defendants pursuant to which this cargo was carried on the basis of the Himalaya Clauses contained in such bills of lading to the full extent such provisions may be applicable to them.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. Any damage that was caused to plaintiff's cargo was the direct result of an act, fault or neglect of plaintiff, its agents, suppliers, contractors, affiliates or subsidiaries and in regard to the manufacture, stowage, shifting, shipment, securing or packaging of the cargo in question.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. Defendants YML are not liable under the Hague or Hague Visby Rules for any loss or damage to plaintiff's cargo as alleged in the complaint since the alleged loss or damage occurred as a result of fire and such fire was not caused by the actual fault or privity of defendants YML.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. The cargoes in question were shipped pursuant to a bill of lading contract issued by defendant K-Line which bill of lading provides that all actions and claims brought pursuant to such bill of lading shall be brought in the courts sitting in Tokyo, Japan.

13. All claims against defendant, YML, should be dismissed in favor of jurisdiction in Japan.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. The shipments in question moved from Hong Kong to Basel, Switzerland via Hamburg on a foreign flag vessel pursuant to bills of lading issued by a Japanese carrier and therefore the instant action has no connection whatsoever with the Southern District of New York and should be dismissed on the basis of forum non-conveniens.

### AS AND FOR A CONTINGENT COUNTER-CLAIM AGAINST KAWASAKI KISEN KAISHA, LTD.

15. Defendants, YML, repeat and reallege each and every allegation set forth in paragraphs 1-14 of its answer to the complaint as if heretofore set out at length herein.

16. Certain third parties have claimed against the YML defendants for loss and damage allegedly sustained as a result of the fire that took place on board the MV YM GREEN, including hold no. 4 of said vessel, and have advised that they intend to hold defendants YML liable for any and all such loss and damage, all liability for which defendants YML have expressly denied.

17. Further, as a result of the fire that occurred in no. 4 hold, the vessel YM GREEN was damaged and containers carried on such vessel were likewise damaged by the fire, and further YML are exposed to general average and salvage liabilities.

18. The said loss and damage was caused in whole or in part by the fault, neglect, breach of contract, and/or breach of warranty of defendant Kawasaki Kisen Kaisha, Ltd. including, but not limited to, the fact that plaintiff's cargo possessed undeclared hazardous nature and characteristics and was improperly manufactured, loaded, stowed, handled and/or consolidated, thus causing the fire complained of.

19. To the extent defendants YML are held liable to any of the aforesaid claimants, or to the extent defendants YML have suffered any loss or damage to their own equipment, they are entitled to indemnity and/or contribution from defendant Kawasaki Kisen Kaisha, Ltd.

20. This counter-claim is being asserted contingently in that defendant YML will move on the basis of the jurisdiction clause contained in K-Line's bill of lading if K-Line so moves. This counter-claim will only be asserted in the event that such motion is not made or is made but is denied by the court.

**WHEREFORE**, Defendants YML pray:

1. That, the cross-claim as against them be dismissed together with costs, disbursements and attorneys' fees incurred in the defense of this action.

2. That, subject to the contingency set forth above, defendants YML be indemnified by co-defendant Kawasaki Kisen Kaisha, Ltd. for all claims and liabilities that may be incurred by defendants YML as a result of the fire that took place in the MV YM GREEN.

3. That, subject to the contingency set forth above, defendants YML be indemnified by defendant Kawasaki Kisen Kaisha, Ltd. for all liabilities, costs, disbursements and attorneys' fees incurred by YML as a result of claims filed by third parties resulting from the fire that occurred on the MV YM GREEN.

4. That subject to the contingent set forth above, defendants YML be entitled to recover from defendant Kawasaki Kisen Kaisha, Ltd. for all costs of repair of equipment and hull damage to the vessel YM GREEN incurred as a result of the fire which was caused by plaintiff's cargo.

Dated: New York, New York
February 8, 2008

                                  CICHANOWICZ, CALLAN, KEANE,
                                  VENGROW & TEXTOR, LLP
                                  61 Broadway, Suite 3000
                                  New York, New York 10006
                                  *Attorneys for Defendants*
                                  YANG MING MARINE TRANSPORT
                                  CORP. and YANGMING (UK) LTD.

By:    s/ Paul M. Keane

        Paul M. Keane (PMK-5934)


To:    HILL RIVKINS & HAYDEN, LLP
        45 Broadway, Suite 1500
        New York, New York 10006
        (212) 669-0600

        MAHONEY & KEANE
        111 Broadway, Floor 10
        New York, New York 10006
        (212) 385-1422

        DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
        131 E. 38th Street
        New York, New York 10016
        (212) 889-2300

        LENNON, MURPHY & LENNON, LLC
        420 Lexington Avenue, Suite 300
        New York, New York 10170
        (212) 490-6050

        KARDARAS & KELLEHER, LLP
        44 Wall Street
        New York, New York 10005
        (212) 785-5050

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On February 8, 2008, I served a complete copy of YANG MING MARINE TRANSPORT CORP. and YANGMING (UK) LTD. Amended Answer with Contingent Counter-Claim to the Cross-Claim of Defendant Kawasaki Kisen Kaisha, Ltd., by regular U.S. mail and/or by ECF, to the following attorneys at their ECF registered address and/or at the following address:

To:   HILL RIVKINS & HAYDEN, LLP
      45 Broadway, Suite 1500
      New York, New York 10006
      (212) 669-0600

      MAHONEY & KEANE
      111 Broadway, Floor 10
      New York, New York 10006
      (212) 385-1422

      DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
      131 E. 38th Street
      New York, New York 10016
      (212) 889-2300

      LENNON, MURPHY & LENNON, LLC
      420 Lexington Avenue, Suite 300
      New York, New York 10170
      (212) 490-6050

      KARDARAS & KELLEHER, LLP
      44 Wall Street
      New York, New York 10005
      (212) 785-5050

*Jennifer Scianna*
Jennifer Scianna

DATED:   February 8, 2008
         New York, New York