9017/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendants*
YANG MING MARINE TRANSPORT CORP. and
YANGMING (UK) LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGIZER S.A.,<br><br>                              Plaintiff,<br><br>- against -<br><br>M/V YM GREEN, her engines, boilers and tackle *in rem.*; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN KAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; FIEGE GOTH CO., LTD.; and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.<br><br>                              Defendants. | 07 CV 7406 (Judge Swain)<br><br>ECF CASE<br><br>**AMENDED ANSWER WITH CONTINGENT COUNTER-CLAIM TO THE CROSS-CLAIM CONTAINED IN PLAINTIFF'S REPLY TO THE COUNTER-CLAIM OF DEFENDANT KAWASAKI KISEN KAISHA, LTD.** |

Defendants YANG MING MARINE TRANSPORT CORP. and YANGMING (UK) LTD. (both hereinafter "YML"), by their attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for their amended answer to the above-referenced cross-claim of plaintiff and their counter-claim against plaintiff, alleges upon information and belief as follows:

1. Denies the allegations of paragraph 11.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

3. Denies the allegations of paragraph 13.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4. The shipments in question were carried from Hong Kong to Basel, Switzerland via Hamburg, Germany pursuant to defendant K-Line bill of lading contracts and were, therefore, subject to the Hague Visby Rules.

5. Defendants, YML, claim the benefit of all exceptions, exemptions and limitations contained in the Hague Visby Rules and K-Line bill of lading to the full extent they may be applicable to them.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. The shipments in question were carried pursuant to bills of lading issued by defendant K-Line and, upon information and belief, pursuant to bills of lading issued by underlying defendant Non Vessel Operating Common Carrier (NVOCC) bills of lading.

7. Defendants, YML, claim the benefit of all exceptions, exemptions and limitations contained in any bills of lading issued by any VOCC or NVOCC defendants pursuant to which this cargo was carried on the basis of the Himalaya Clauses contained in such bills of lading to the full extent such provisions may be applicable to them.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. Any damage that was caused to plaintiff's cargo was the direct result of an act, fault or neglect of the plaintiff its agents, suppliers, contractors, affiliates or subsidiaries and in regard to the manufacture, stowage, shifting, shipment, securing or packaging of the cargo in question.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. Defendants YML are not liable under the Hague or Hague Visby Rules for any loss or damage to plaintiff's cargo as alleged in the complaint since the alleged loss or damage occurred as a result of fire and such fire was not caused by the actual fault or privity of defendants YML.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. The cargoes in question were shipped pursuant to a bill of lading contract issued by defendant K-Line which bill of lading provides that all actions and claims brought pursuant to such bill of lading shall be brought in the courts sitting in Tokyo, Japan.

11. All claims against defendant, YML, should be dismissed in favor of jurisdiction in Japan.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. The shipments in question moved from Hong Kong to Basel, Switzerland via Hamburg on a foreign flag vessel pursuant to bills of lading issued by a Japanese carrier and therefore the instant action has no connection whatsoever with the Southern District of New York and should be dismissed on the basis of forum non-conveniens.

## AS AND FOR A CONTINGENT COUNTER-CLAIM AGAINST PLAINTIFF

13. Defendants, YML, repeat and reallege each and every allegation set forth above as if heretofore set out at length herein.

14. Certain third parties have claimed against the YML defendants for loss and damage allegedly sustained as a result of the fire that took place on board the MV YM GREEN, including hold no. 4 of said vessel, and have

advised that they intend to hold defendants YML liable for any and all such loss and damage, all liability for which defendants YML have expressly denied.

15. Further, as a result of the fire that occurred in no. 4 hold, the vessel YM GREEN was damaged and containers carried on such vessel were likewise damaged by the fire, and further YML are exposed to general average and salvage liabilities.

16. The said loss and damage was caused in whole or in part by the fault, neglect, breach of contract, and/or breach of warranty of plaintiff in that plaintiff's cargo possessed undeclared hazardous nature and characteristics and was improperly manufactured, loaded, stowed, handled and/or consolidated by plaintiff or those for whom plaintiff is responsible, thus causing the fire complained of.

17. To the extent defendants YML are held liable to any of the aforesaid claimants, or to the extent defendants YML have suffered any loss or damage to their own equipment, they are entitled to indemnity and/or contribution from plaintiff.

18. The counter-claim is being asserted contingently in that defendant YML will move on the basis of the jurisdiction clause contained in K-Line's bill of lading if K-Line so moves. This counter-claim will only be asserted in the event that such motion is not made or is made but is denied by the court.

**WHEREFORE**, Defendants YML pray:

1. That, the cross-claim as against them be dismissed together with costs, disbursements and attorneys' fees incurred in the defense of this action.

2. That, subject to the contingency set forth above, defendants YML be indemnified by plaintiff, Energizer S.A. for all liabilities, costs, disbursements and attorneys' fees incurred by YML as a result of claims filed by third parties resulting from the fire that occurred on the MV YM GREEN.

3. That, subject to the contingency set forth above, defendants YML be entitled to recover from plaintiff, Energizer S.A. for all costs of repair of equipment and hull damage to the vessel YM GREEN incurred as a result of the fire which was caused by plaintiff's cargo.

Dated: New York, New York
February 8, 2008

                                CICHANOWICZ, CALLAN, KEANE,
                                VENGROW & TEXTOR, LLP
                                61 Broadway, Suite 3000
                                New York, New York 10006
                                *Attorneys for Defendants*
                                YANG MING MARINE TRANSPORT
                                CORP. and YANGMING (UK) LTD.

By:    s/ Paul M. Keane

                                Paul M. Keane (PMK-5934)

To:    HILL RIVKINS & HAYDEN, LLP
       45 Broadway, Suite 1500
       New York, New York 10006
       (212) 669-0600

MAHONEY & KEANE
111 Broadway, Floor 10
New York, New York 10006
(212) 385-1422

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
131 E. 38th Street
New York, New York 10016
(212) 889-2300

LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, New York 10170
(212) 490-6050

KARDARAS & KELLEHER, LLP
44 Wall Street
New York, New York 10005
(212) 785-5050

**CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On February 8, 2008, I served a complete copy of YANG MING MARINE TRANSPORT CORP. and YANGMING (UK) LTD. Amended Answer with Contingent Counter-Claim to the Cross-Claim Contained in Plaintiff's Reply to the Counter-Claim of Defendant Kawasaki Kisen Kaisha, Ltd., by regular U.S. mail and/or by ECF, to the following attorneys at their ECF registered address and/or at the following address:

To:   HILL RIVKINS & HAYDEN, LLP
      45 Broadway, Suite 1500
      New York, New York 10006
      (212) 669-0600

      MAHONEY & KEANE
      111 Broadway, Floor 10
      New York, New York 10006
      (212) 385-1422

      DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
      131 E. 38th Street
      New York, New York 10016
      (212) 889-2300

      LENNON, MURPHY & LENNON, LLC
      420 Lexington Avenue, Suite 300
      New York, New York 10170
      (212) 490-6050

      KARDARAS & KELLEHER, LLP
      44 Wall Street
      New York, New York 10005
      (212) 785-5050

*Jennifer Scianna*
Jennifer Scianna

DATED:   February 8, 2008
         New York, New York