9017/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendants*
YANG MING MARINE TRANSPORT CORP.,
YANGMING (UK) LTD., and ALL OCEANS
TRANSPORTATION INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGIZER S.A.,<br><br>Plaintiff,<br><br>- against -<br><br>M/V YM GREEN, her engines, boilers and tackle *in rem.*; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN KAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; FIEGE GOTH CO., LTD.; and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.<br><br>Defendants. | 07 CV 7406 (Judge Swain)<br><br>ECF CASE<br><br>**DEFENDANT ALL OCEAN TRANSPORTATION INC'S ANSWER TO COMPLAINT WITH CONTINGENT CROSS-CLAIMS AND CONTINGENT <u>COUNTER-CLAIM</u>** |

Defendant All Oceans Transportation Inc., by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for its answer to the complaint and its contingent cross-claims and counter-claim, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

2. Admits that defendant YANG MING MARINE TRANSPORT CORP. is a foreign corporation organized and existing by virtue of foreign law with an office and principal place of business in Taipei, Taiwan and that it had an agent, Yang Ming

...

(America) Corp., formerly known as Solar International Shipping Agency Inc., Newport Office Tower, 25th Floor, 525 Washington Blvd., Jersey City, New Jersey 07301 and further admits that it is a vessel operating common carrier (VOCC) as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and that it owned, chartered and/or operated the MV YM GREEN and except as so admitted, denies the allegations contained in paragraph 2.

3.   Admits that defendant YANG MING MARINE (UK) LTD. was and now is a corporation organized and existing by virtue of the laws of the United Kingdom and had an office and principal place of business at Valentines House, Second Floor, 51-59 Ilford Hill Essex IG1 2DG United Kingdom and that it was a vessel operating common carrier (VOCC) as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and that it owned, chartered and/or operated the MV YM GREEN and except as so admitted, denies the allegations contained in paragraph 3.

4.   Admits that All Ocean Transportation Inc. was a corporation organized and existing by virtue of foreign law with an office and place of business c/o Yangming Marine Transport Corp. at 271 Ming De 1st Road Chidu Keelung 206 Taiwan, and owned, managed and/or operated the M/V YM GREEN, but except as so specifically admitted, denies the allegations of paragraph 4.

5.   Admits that defendant KAWASAKI KISEN KAISHA LTD. slot chartered space on the MV YM GREEN, and except as so admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

## JURISDICTION

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11.

## AS AND FOR THEIR ANSWER TO THE FIRST CAUSE OF ACTION

12. All Oceans Transportation Inc. repeats and realleges each and every allegation set forth in paragraphs 1-11 of its answer to the complaint as if heretofore set out at length herein.

13. Admits that containers in external good order and condition were delivered to the MV YM GREEN for shipment from Hong Kong to Basel, Switzerland via Hamburg, Germany pursuant to the terms and conditions of certain bill of lading contracts issued by defendant Kawasaki Kisen Kaisha LTD (hereinafter K-Line) and except as so admitted, denies the allegations contained in paragraph 13.

14. Admits that on or about August 6, 2006 a fire broke out in the containers tendered to defendant K-Line by plaintiffs or their agents and further admits that other cargoes, as well as the vessel YM GREEN, were damaged and except as so admitted, denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15 as they relate to All Ocean Transportation Inc. and except as so denied, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18 except admits non-payment.

**AS AND FOR THEIR ANSWER TO THE SECOND CAUSE OF ACTION**

19. All Oceans Transportation Inc. repeats and realleges each and every allegation set forth in paragraphs 1-18 of its answer to the complaint as if heretofore set out at length herein.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25.

### AS AND FOR THEIR ANSWER TO THE THIRD CAUSE OF ACTION

26. All Oceans Transportation Inc. repeats and realleges each and every allegation set forth in paragraphs 1-25 of its answer to the complaint as if heretofore set out at length herein.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28 as they relate to All Oceans Transportation Inc. and except as so denied, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 as they relate to the other named defendants.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 as they relate to All Oceans Transportation Inc. and except as so denied, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29.

### AS AND FOR THEIR ANSWER TO THE FOURTH CAUSE OF ACTION

30. All Oceans Transportation Inc. repeats and realleges each and every allegation set forth in paragraphs 1-29 of its answer to the complaint as if heretofore set out at length herein.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36. The shipments in question were carried from Hong Kong to Basel, Switzerland via Hamburg, Germany pursuant to defendant K-Line bill of lading contracts and were, therefore, subject to the Hague Visby Rules.

37. All Oceans Transportation Inc. claims the benefit of all exceptions, exemptions and limitations contained in the Hague Visby Rules and K-Line bill of lading to the full extent they may be applicable to them.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. The shipments in question were carried pursuant to bills of lading issued by defendant K-Line and, upon information and belief, pursuant to bills of lading issued by underlying defendant Non Vessel Operating Common Carrier (NVOCC) bills of lading.

39. All Oceans Transportation Inc. claims the benefit of all exceptions, exemptions and limitations contained in any bills of lading issued by any VOCC or NVOCC defendants pursuant to which this cargo was carried on the basis of the Himalaya Clauses contained in such bills of lading to the full extent such provisions may be applicable to them.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40. Any damage that was caused to plaintiff's cargo was the direct result of an act, fault or neglect of plaintiff, its agents, suppliers, contractors, affiliates or subsidiaries and in regard to the manufacture, stowage, shifting, shipment, securing or packaging of the cargo in question.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41. All Oceans Transportation Inc. is not liable under the Hague or Hague Visby Rules for any loss or damage to plaintiff's cargo as alleged in the complaint since the alleged loss or damage occurred as a result of fire and such fire was not caused by the actual fault or privity of All Oceans Transportation Inc.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. The cargoes in question were shipped pursuant to a bill of lading contract issued by defendant K-Line which bill of lading provides that all actions and claims brought pursuant to such bill of lading shall be brought in the courts sitting in Tokyo, Japan.

43. All claims against All Oceans Transportation Inc. should be dismissed in favor of jurisdiction in Japan.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44. The shipments in question moved from Hong Kong to Basel, Switzerland via Hamburg on a foreign flag vessel pursuant to bills of lading issued by a Japanese carrier and therefore the instant action has no connection whatsoever with the Southern District of New York and should be dismissed on the basis of forum non-conveniens.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

45. At all relevant times, the vessel YM GREEN was under a bareboat charter party to which All Oceans Transportation, Inc. was the registered owner. Therefore, All Oceans Transportation, Inc. cannot, as a matter of law, have any liability to the plaintiff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

46. This Court lacks personal jurisdiction over All Ocean Transportation, Inc.

## AS AND FOR A FIRST CONTINGENT CROSS-CLAIM AGAINST DEFENDANTS KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

47. All Oceans Transportation Inc. repeats and realleges each and every allegation set forth in paragraphs 1-46 of its answer to the complaint as if heretofore set out at length herein.

48. If the complaint against All Oceans Transportation Inc. should not be dismissed on the basis of the Japanese jurisdiction clause in K-Line's bill of lading or on forum non conveniens grounds, then if there was any loss or damage to the shipment referred to in Plaintiffs' Complaint, which is denied, said loss or damage was brought about by the negligence and/or breach of contract and/or breach of warranty, implied or expressed, of KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. and by reason thereof, All Oceans Transportation Inc. is entitled to full indemnity and/or contribution from co-defendants KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. for all loss and damage

including reasonable counsel fees and expenses incurred by All Oceans Transportation Inc. in the defense of this case.

49. This cross-claim is being asserted contingently in that All Oceans Transportation Inc. will move on the basis of the jurisdiction clause contained in K-Line's bill of lading if K-Line so moves. The cross-claim will only be asserted in the event that such motion is not made or is made but is denied by the court.

### AS AND FOR A SECOND CONTINGENT CROSS-CLAIM AGAINST DEFENDANTS KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

50. All Oceans Transportation Inc. repeats and realleges each and every allegation set forth in paragraphs 1-49 of its answer to the complaint as if heretofore set out at length herein.

51. Certain third parties have claimed against All Oceans Transportation Inc. for loss and damage allegedly sustained as a result of the fire that took place on board the MV YM GREEN, including hold no. 4 of said vessel, and have advised that they intend to hold All Oceans Transportation Inc. liable for any and all such loss and damage, all liability for which All Oceans Transportation Inc. has expressly denied.

52. Further, as a result of the fire that occurred in no. 4 hold, the vessel YM GREEN was damaged and containers carried on such vessel were likewise damaged by the fire, and further All Oceans Transportation Inc. is exposed to general average and salvage liabilities.

53. The said loss and damage was caused in whole or in part by the fault, neglect, breach of contract, and/or breach of warranty of defendants KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS

SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. AND SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. including, but not limited to, the fact that plaintiff's cargo possessed undeclared hazardous nature and characteristics and was improperly manufactured, loaded, stowed, handled and/or consolidated, thus causing the fire complained of.

54. To the extent All Oceans Transportation Inc. is held liable to any of the aforesaid claimants, or to the extent All Oceans Transportation Inc. has suffered any loss or damage to their own equipment, they are entitled to indemnity and/or contribution from defendants KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. AND SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

55. This cross-claim is being asserted contingently in that All Oceans Transportation Inc. will move on the basis of the jurisdiction clause contained in K-Line's bill of lading if K-Line so moves. The cross-claim will only be asserted in the event that such motion is not made or is made but is denied by the court.

### AS AND FOR A CONTINGENT COUNTER-CLAIM AGAINST PLAINTIFF

56. All Oceans Transportation Inc. repeats and realleges each and every allegation set forth in paragraphs 1-55 of its answer to the complaint as if heretofore set out at length herein.

57. Certain third parties have claimed against All Oceans Transportation Inc. for loss and damage allegedly sustained as a result of the fire that took place on board the MV YM GREEN, including hold no. 4 of said vessel, and have advised that they intend to hold All Oceans Transportation Inc. liable for any and all such loss and damage, all liability for which All Oceans Transportation Inc. has expressly denied.

58. Further, as a result of the fire that occurred in no. 4 hold, the vessel YM GREEN was damaged and containers carried on such vessel were likewise damaged by the fire, and further All Oceans Transportation Inc. is exposed to general average and salvage liabilities.

59. The said loss and damage was caused in whole or in part by the fault, neglect, breach of contract, and/or breach of warranty of plaintiff in that plaintiff's cargo possessed undeclared hazardous nature and characteristics and was improperly manufactured, loaded, stowed, handled and/or consolidated by plaintiff or those for whom plaintiff is responsible, thus causing the fire complained of.

60. To the extent All Oceans Transportation Inc. is held liable to any of the aforesaid claimants, or to the extent All Oceans Transportation Inc. has suffered any loss or damage to their own equipment, it is entitled to indemnity and/or contribution from plaintiff.

61. This counter-claim is being asserted contingently in that All Oceans Transportation Inc. will move on the basis of the jurisdiction clause contained in K-Line's bill of lading if K-Line so moves. The counter-claim will only be asserted in the event that such motion is not made or is made but is denied by the court.

**WHEREFORE**, All Oceans Transportation Inc. prays:

1. That the complaint as against it be dismissed together with costs, disbursements and attorneys' fees incurred in the defense of this action.

2. That All Oceans Transportation Inc. be indemnified by co-defendants KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. for all claims and liabilities

that may be incurred by All Oceans Transportation Inc. as a result of the fire that took place in the MV YM GREEN.

3. That, subject to the contingences set forth above, All Oceans Transportation Inc. be indemnified by defendants KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. AND SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. for all liabilities, costs, disbursements and attorneys' fees incurred by All Oceans Transportation Inc. as a result of claims filed by third parties resulting from the fire that occurred on the MV YM GREEN.

4. That, subject to the contingencies set forth above, All Oceans Transportation Inc. be entitled to recover from defendants KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. AND SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. for all costs of repair of equipment and hull damage to the vessel YM GREEN incurred as a result of the fire which was caused by plaintiff's cargo.

5. That, subject to the contingencies set forth above, All Oceans Transportation Inc. be indemnified by plaintiff, Energizer S.A., for all liabilities, costs, disbursements and attorneys' fees incurred by All Oceans Transportation Inc. as a result of claims filed by third parties resulting from the fire that occurred on the MV YM GREEN.

6. That, subject to the contingencies set forth above, All Oceans Transportation Inc. be entitled to recover from plaintiff, Energizer S.A., for all costs of

repair of equipment and hull damage to the vessel YM GREEN incurred as a result of the fire which was caused by plaintiff's cargo.

Dated: New York, New York
February 8, 2008

                                     CICHANOWICZ, CALLAN, KEANE,
                                     VENGROW & TEXTOR, LLP
                                     61 Broadway, Suite 3000
                                     New York, New York 10006
                                     *Attorneys for Defendants*
                                     YANG MING MARINE TRANSPORT
                                     CORP., YANGMING (UK) LTD., and ALL
                                     OCEANS, INC.

                        By:     s/ Paul M. Keane

                                     Paul M. Keane (PMK-5934)


To:    HILL RIVKINS & HAYDEN, LLP
         45 Broadway, Suite 1500
         New York, New York 10006
         (212) 669-0600

         MAHONEY & KEANE
         111 Broadway, Floor 10
         New York, New York 10006
         (212) 385-1422

         DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
         131 E. 38th Street
         New York, New York 10016
         (212) 889-2300

         LENNON, MURPHY & LENNON, LLC
         420 Lexington Avenue, Suite 300
         New York, New York 10170
         (212) 490-6050

         KARDARAS & KELLEHER, LLP
         44 Wall Street
         New York, New York 10005
         (212) 785-5050

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On February 8, 2008, I served a complete copy of Defendant All Ocean Transportation Inc's Answer to Complaint with Contingent Cross-Claims, and Contingent Counter-Claim, by regular U.S. mail and/or by ECF, to the following attorneys at their ECF registered address and/or at the following address:

To:   HILL RIVKINS & HAYDEN, LLP
      45 Broadway, Suite 1500
      New York, New York 10006
      (212) 669-0600

      MAHONEY & KEANE
      111 Broadway, Floor 10
      New York, New York 10006
      (212) 385-1422

      DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
      131 E. 38th Street
      New York, New York 10016
      (212) 889-2300

      LENNON, MURPHY & LENNON, LLC
      420 Lexington Avenue, Suite 300
      New York, New York 10170
      (212) 490-6050

      KARDARAS & KELLEHER, LLP
      44 Wall Street
      New York, New York 10005
      (212) 785-5050

*Jennifer Scianna*

DATED:   February 8, 2008
         New York, New York