RAYMOND P. HAYDEN
JAMES A. SAVILLE, JR.
KIPP C. LELAND
*HILL RIVKINS & HAYDEN LLP*
Attorneys for Plaintiff
Energizer S.A.

45 Broadway
Suite 1500
New York, New York  10006
(212) 669-0600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

| | |
|---|---|
| ENERGIZER S.A., : | Docket No. **07 cv 7406 (LTS)** |
| Plaintiff, : | |
| *- Against -* : | |
| M/V YM GREEN her engines, boilers and : tackle *in rem*; YANG MING MARINE : TRANSPORT CORP.; YANGMING (UK) LTD.; : ALL OCEANS TRANSPORTATION INC.; : KAWASAKI KISEN KAISHA LTD.; CONTERM : HONG KONG LTD.; VANGUARD LOGISTICS : SERVICES HONG KONG LTD.; : FIEGE GOTH CO., LTD.; and SHENZHEN HIGH : POWER TECHNOLOGY CO. LTD. : | **REPLY TO COUNTERCLAIM** |
| Defendants. : | |

------------------------------------X

   The Plaintiff, Energizer S.A., by and through its attorneys Hill Rivkins & Hayden LLP, as and for its reply to the counterclaim asserted by ALL OCEANS TRANSPORTATION, INC. ("All Oceans") alleges upon information and belief as follows:

1. Paragraph 56 of the counterclaim is one to which no response is required.

2. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Counterclaim.

3. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Counterclaim.

4. Plaintiff denies the allegations set forth in Paragraph 59 of the Counterclaim.

5. Plaintiff denies the allegations set forth in Paragraph 60 of the Counterclaim.

6. Plaintiff denies the allegations set forth in Paragraph 61 of the Counterclaim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. The counterclaim fails to state a claim upon which relief maybe granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. If Defendant All Oceans sustained any damage, which is denied, said damages were caused in whole or in part by Defendant All Oceans' own acts of negligence and were not caused or contributed to in any manner by the fault, negligence, want of care, lack of due diligence, or breach of any warranty on the part of plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. If Defendant All Oceans sustained any damages, which is denied, said damage were caused solely by the acts or omissions of third parties for which Plaintiff is not responsible and over which Plaintiff had no control and were not caused or contributed to in any manner by the fault, negligence, want of care, lack of due diligence, or breach of any warranty on the part of Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. Defendant All Oceans has failed to properly mitigate their damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. If plaintiff is found negligent, which is denied, any such negligence was superseded by the negligence and or other wrongful acts of Defendant All Oceans and/or third parties over whom plaintiff had no control and for which plaintiff is not responsible.

### CLAIM FOR INDEMNITY AND CONTRIBUTION FROM DEFENDANTS M/V YM GREEN, YANG MING MARINE TRANSPORT, YANGMING (UK) LTD., K-LINE, CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO. LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

12. Plaintiff repeats and realleges every defense, admission, denial and denial of information and belief set forth in paragraphs 1 through 11 as if set forth herein at length.

13. Defendant All Oceans claims to have sustained losses as a result of the fire that took place on board the M/V YM GREEN including hold no. 4 of the said vessel and intend to hold Energizer liable for any and all losses they have sustained, all of which Energizer has expressly denied.

14. To the extent plaintiff Energizer is held liable or becomes liable to pay for the losses of Defendant All Oceans, all of which is expressly denied, said losses were caused directly and proximately, in whole or in part, by defendants M/V YM GREEN, YANG MING TRANSPORT CORP., YANGMING (UK) LTD., K-LINE, CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO. LTD. and SHENZHEN HIGH

POWER TECHNOLOGY CO. LTD. reckless, negligent and improper manufacture, loading, stowing, handling, carriage, keeping and caring for, transshipment, and/or consolidation of plaintiff's cargo with other cargoes, all of which were committed with knowledge that damage would probably result.

15. The General Purchase Conditions negotiated, reviewed, accepted and agreed to between Energizer and defendant SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. provide, in relevant part:

> 7. **Quality/Safety**
> . . .
> Seller [High Power] agrees to indemnify, hold harmless, and defend buyer [Energizer] from any and all claims from any person or persons for bodily injury or property damage arising directly or indirectly from the product or services provided by Seller.

16. Energizer has by proper notice demanded and continues to demand that High Power comply with the terms of its written agreement and indemnify and defend Energizer from and against all claims arising from the sale of the batteries referred to herein however, High Power has failed to acknowledge and comply with said demand, causing Energizer to incur legal fees and expenses.

17. By reason of the foregoing, to the extent that Defendant All Oceans has sustained losses, all of which is expressly denied, and are entitled to recover damages from Energizer, which is expressly denied, or Energizer becomes liable to pay for any reason, Energizer is entitled to express or implied indemnity and/or part or full contribution from defendants M/V YM GREEN, YANG MING TRANSPORT CORP., YANGMING (UK) LTD., K-LINE, CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO. LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. for such sums, together with the expenses, including but not limited to attorneys' fees and costs, incurred by Energizer in defending said claims.

*WHEREFORE,* Plaintiff prays:

1. That the counterclaim asserted by Defendant ALL OCEANS TRANSPORTATION INC. be dismissed with prejudice together with costs, disbursements and attorneys' fees.

2. That judgment be entered against defendants M/V YM GREEN, YANG MING TRANSPORT CORP. and YANGMING (UK) LTD, K-LINE, CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., and FIEGE GOTH CO. LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. on plaintiff's claim for indemnity.

3. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, New York
March 10, 2008

Respectfully submitted,
HILL, RIVKINS & HAYDEN LLP
Attorneys for Plaintiff Energizer, S.A.

By: _____
Raymond P. Hayden
James A. Saville, Jr.
Kipp C. Leland
45 Broadway
Suite 1500
New York, New York 10006
(212) 669-0600

TO:

Paul Keane, Esq.
Cichanowicz Callan & Keane
Attorneys for Defendants
Yang Ming Marine Transport Corp. and
Yang Ming (UK) Ltd.
61 Broadway – Suite 3000
New York, NY  10006

Edward Keane, Esq.
Mahoney & Keane
Attorneys for Defendant
Kawasaki Kisen Kaisha Ltd.
111 Broadway – 10th Floor
New York, NY  10006

Peter Zambito, Esq.
Douogherty Ryan Giuffra
  Zambito & Hession
Attorneys for Defendants
Conterm Hong Kong and
Vanguard Logistics Services
  Hong Kong Ltd.
313 East 38th Street
New York, NY  10016

Patrick Lennon, Esq.
Lennon Murphy & Lennon
Attorneys for Defendant
Fiege Goth Co., Ltd.
The Greybar Building
420 Lexington Ave. – Suite 300
New York, NY  10170

William P. Kardaras, Esq.
Kardaras & Kelleher, LLP
Attorneys for Defendant
Shenzhen High Power
  Technology Co., Ltd.
44 Wall Street
New York, NY  10005

29509ENR \Reply to All Oceans Counterclaim