UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ENERGIZER S.A.,                                            :

                       Plaintiff,                :

      -Against –

M/V YM GREEN her engines, boilers                         ECF CASE
and tackle in rem, YANG MING MARINE       :
TRANSPORT CORP., YANGMING (UK) LTD.,                      07 Civ7406 (LTS)
ALL OCEANS TRANSPORTATION INC.,           :
KAWASAKI KISEN KAISHA LTD., CONTERM
HONG KONG LTD., VANGUARD LOGISTICS        :
SERVICES HONG KONG LTD., FIEGE GOTH
CO., LTD. and SHENZHEN HIGH POWER         :
TECHNOLOGY CO. LTD.,

                    Defendants.           :
-------------------------------------------------------------X

## OMNIBUS ANSWER
## WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND CROSSCLAIMS

     Defendant FIEGE LTD., formerly known as and sued herein as FIEGE GOTH

CO. LTD. (hereinafter "Fiege" or "Defendant"), by its attorneys, Lennon, Murphy &

Lennon, LLC, answering the Complaint propounded by the Plaintiff herein, respectfully

alleges, upon information and belief as follows:

     1-7. Defendant denies having information sufficient to form a belief as to the

allegations contained in Paragraphs through 7, inclusive of the Complaint.

     8.  Defendant admits that at all times hereinafter mentioned, Fiege was and now

is a foreign corporation or other entity organized and existing by virtue of foreign law

and, generally provides consolidation and logistics services and, except as so admitted,

denies the allegations contained in paragraph 8 of the complaint.

9. Defendant denies having information sufficient to form a belief as to the allegations contained in Paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

11. Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1333 and denies the remaining allegations contained in paragraph 11.

## AS AND FOR ITS ANSWER TO THE FIRST CAUSE OF ACTION

12 – 18. Defendant denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 12 through 18, inclusive, of the Complaint.

## AS AND FOR ITS ANSWER TO THE SECOND CAUSE OF ACTION

19. Defendant repeats and realleges its answers to every paragraph heretofore set forth with the same force and effect as if fully set forth herein at length.

20. Defendant admits that on or about July 2006 there was delivered two shipments said to consist of batteries which was received, accepted and agreed to transport for certain consideration to be transported into ocean going containers for loading aboard the Y/M GREEN and, except as so admitted, denies the allegations contained in paragraph 20 of the Complaint.

21-22. Defendant denies the allegations contained in paragraph 21 and 22 of the Complaint and denies having sufficient knowledge or information to form a belief as to defendants Conterm and Vanguard.

23. Defendant denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24-25. Defendant denies the allegations contained in paragraphs 24 and 25 of the Complaint.

### AS AND FOR ITS ANSWER TO THE THIRD CAUSE OF ACTION

26. Defendant repeats and realleges its answers to paragraphs 1 – 25, inclusive, heretofore set forth with the same force and effect as if fully set forth herein at length.

27. Defendant denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28-29. Defendant denies the allegations contained in paragraphs 28 and 29 of the Complaint and denies having sufficient knowledge or information to form a belief as to the co-defendants.

### AS AND FOR ITS ANSWER TO THE FOURTH CAUSE OF ACTION

30. Defendant repeats and realleges every paragraph heretofore set forth with the same force and effect as if fully set forth herein at length.

31– 35. Defendant denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 31 through 35, inclusive, of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against defendant Fiege upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

At the time the suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the Plaintiff herein was not the real party in interest.

3

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendant Fiege claims the benefits of the FIEGE Bill of Lading and the Bills of Lading issued by any parties for the cargoes in question, inclusive of applicable limitations of liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff, as alleged in the complaint, were proximately, directly and solely caused by the negligence, recklessness, fault, errors, omissions and/or breach of contract or warranty, express or implied, of one or more third persons, including, without limitation, one or more of the defendants named in Plaintiff's Complaint and/or one or more unidentified party or parties, over whom answering Defendant had and has no direction or control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any damage that was caused to Plaintiff's cargo was the direct result of an act, fault or neglect of Plaintiff, its agents, suppliers, contractors, affiliates or subsidiaries and in regard to the manufacture, stowage, shifting, shipment, securing or packaging of the cargo in question.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of the Hague Rules, Hague Visby Amendments, SDR Protocol and any other statutes insofar as may be applicable, inclusive of the "fire defense."

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of all defenses raised by the co-defendants herein insofar as may be applicable to it.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of all defenses, exceptions, exemptions and limitations contained in or applicable to any bills of lading, tariffs or contracts of carriage pursuant to which the batteries or any adjacent cargo were carried aboard the Vessel, including, without limitation, the Himalaya Clauses and/or Jurisdiction Clauses and/or Forum Clauses contained in or applicable to such bills of lading and/or contracts of carriage and/or as otherwise exist and apply under the laws governing said bills of lading and/or contract of carriage.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The forum is inconvenient and the instant action has no connection whatsoever with the Southern District of New York and should be dismissed pursuant to the doctrine of forum non conveniens.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The bringing of this action is not within the proper venue.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Fiege.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United Sates Carriage of Goods by Sea Act, to the extent applicable, and/or the Doctrine of Laches.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any loss or damage to the goods as alleged in the Complaint, that may have occurred while they were on the possession or custody of answering defendant or on board the carrying vessel, arose from the conditions of the goods when delivered to answering defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner(s) of the goods, their agent or representatives, and answering defendant is not under any liability for any such loss or damage.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

At all relevant times, defendant Fiege acted as an agent for a disclosed principal.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Answering defendant puts Plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., to the extent applicable.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

If this Honorable Court finds that the Plaintiff has suffered damages to cargo for which answering defendant is liable, said damages must be limited pursuant to 46 U.S.C. § 1304 (5), to the extent applicable.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

If there was any loss and/or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq., to the extent applicable.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

If there was any loss of and/or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendant is exonerated under the Harter Act, 46 U.S.C.A. § 190 et seq., to the extent applicable.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

(A)    Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ship(s) in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, to the extent applicable, and the aforesaid bill(s) of lading.

(B)    Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), which is denied, answering defendant is not under liability therefore.

## AS AND FOR AN ANSWER TO PLAINTIFF'S CLAIM FOR
## INDEMNITY AND CONTRIBUTION FROM DEFENDANT FIEGE

1. Defendant Fiege repeats and realleges each and every answer to every defense, admission, denial and denial of information and belief set forth in paragraphs 1 through 10 as if set forth herein at length.

2. Defendant Fiege denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim of Defendant High Power Technology Co. Ltd.

3. Defendant Fiege denies so much of paragraph 13 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim of Defendant High Power Technology Co. Ltd. as alleges that Fiege was reckless, negligent, and/or improperly manufactured, loaded, stowed, handled, carried, kept and/or cared for, transshipment and/or consolidation of plaintiff's cargo, or that it committed such acts with knowledge that damage would probably result. Defendant FIEGE denies knowledge and information as to the co-defendants.

4. Defendant Fiege denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim of Defendant Kawasaki Kisen Kaisha Ltd.

5. Defendant Fiege denies so much of paragraph 13 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim of Defendant Kawasaki Kisen Kaisha Ltd. as alleges that Fiege was reckless, negligent, and/or improperly manufactured, loaded, stowed, handled, carried, kept and/or cared for, transshipment

and/or consolidation of plaintiff's cargo, or that it committed such acts with knowledge that damage would probably result. Defendant Fiege denies knowledge and information as to the co-defendants.

6. Defendant Fiege denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim of Defendants Conterm Hong Kong Ltd. and Vanguard Logistics Services Hong Kong Ltd.

7. Defendant Fiege denies so much of paragraph 11 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim of Defendants Conterm Hong Kong Ltd. and Vanguard Logistics Services Hong Kong Ltd. as alleges that Fiege was reckless, negligent, and/or improperly manufactured, loaded, stowed, handled, carried, kept and/or cared for, transshipment and/or consolidation of plaintiff's cargo, or that it committed such acts with knowledge that damage would probably result. Defendant Fiege denies knowledge and information as to the co-defendants.

8. Defendant Fiege denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 13 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim of Defendant All Oceans Transportation, Inc.

9. Defendant Fiege denies so much of paragraph 14 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim of Defendant All Oceans Transportation, Inc. as alleges that Fiege was reckless, negligent, and/or improperly manufactured, loaded, stowed, handled, carried, kept and/or cared for, transshipment and/or consolidation of plaintiff's cargo, or that it committed such acts with knowledge

that damage would probably result. Defendant Fiege denies knowledge and information as to the co-defendants.

10.  Defendant Fiege denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15 and 16 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim of Defendant All Oceans Transportation, Inc.

11.  Defendant Fiege denies knowledge and information sufficient to form a belief as to the allegations contained in paragraphs 12 and 13 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim in Second Amended Answer of Defendants Yang Ming Marine Transport Corp. and Yangming (UK) Ltd.

12. Defendant Fiege denies so much of paragraph 14 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim in Second Amended Answer of Defendants Yang Ming Marine Transport Corp. and Yangming (UK) Ltd. as alleges that Fiege was reckless, negligent, and/or improperly manufactured, loaded, stowed, handled, carried, kept and/or cared for, transshipment and/or consolidation of plaintiff's cargo, or that it committed such acts with knowledge that damage would probably result. Defendant Fiege denies knowledge and information as to the co-defendants.

13. Defendant Fiege denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15 and 16 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim in Second Amended Answer of Defendants Yang Ming Marine Transport Corp. and Yangming (UK) Ltd.

14. Defendant Fiege denies so much of paragraph 17 of the Plaintiff's claim for indemnity and contribution in Plaintiff's Reply to Counterclaim in Second Amended Answer of Defendants Yang Ming Marine Transport Corp. and Yangming (UK) Ltd. as alleges that Energizer is entitled to express or implied indemnity and/or part or full contribution from defendant Fiege for sums, together with expenses, including but not limited to attorneys' fees and costs, incurred by Energizer in defending claims against it. Defendant Fiege denies knowledge and information as to the co-defendants.

### AS AND FOR FIRST COUNTERCLAIM AGAINST PLAINTIFF

1. At and during all times hereinafter mentioned, defendant/ counterclaimant Fiege was and now is a corporation organized and existing by virtue of foreign law, with an office and place of business at Flat A, B & C, 22nd Floor, 8 Hart Avenue, Tsim Sha Tsui, Kowloon, Hong Kong, and, *inter alia*, provides consolidation, loading, stowage and logistics services in connection with the shipment of containerized cargoes by sea.

2. Plaintiff/defendant on the counterclaim ENERGIZER S.A. was and is a corporation organized and existing under the laws of a foreign country.

3. Defendant repeats and realleges every paragraph heretofore set forth with the same force and effect as if fully set forth herein at length.

4. The said loss and damage was caused in whole or in part by the fault, neglect, breach of contract, and/or breach of warranty of plaintiff in that plaintiff's cargo possessed undeclared hazardous nature and characteristics and was improperly manufactured, loaded, stowed and/or handled by those for whom plaintiff is responsible, thus causing the fire complained of.

## AS AND FOR SECOND COUNTERCLAIM AGAINST PLAINTIFF

1.  At and during all times hereinafter mentioned, Defendant/ counterclaimant Fiege was and now is a corporation organized and existing by virtue of foreign law, with an office and place of business at Flat A, B & C, 22nd Floor, 8 Hart Avenue, Tsim Sha Tsui, Kowloon, Hong Kong, and, *inter alia*, provides consolidation, loading, stowage and logistics services in connection with the shipment of containerized cargoes by sea.

2.  Plaintiff/defendant on the counterclaim ENERGIZER S.A. was and is a corporation organized and existing under the laws of a foreign country.

3.  Defendant repeats and realleges every paragraph heretofore set forth with the same force and effect as if fully set forth herein at length.

4.  If the complaint against Defendant Fiege is not dismissed, then if there was any loss or damage to the shipment referred to in plaintiff's complaint, which is denied, said loss or damage was brought about by the negligence and/or breach of contract and/or breach of warranty, implied or expressed, of plaintiff, in that plaintiff's cargo possessed undeclared hazardous nature and characteristics and was improperly manufactured, loaded, stowed, handled and/or consolidated by plaintiff by those for whom plaintiff is responsible, thus causing the fire complained of, and, by reason thereof, Defendant is entitled to full indemnity and/or contribution from plaintiff for all loss and damage including reasonable counsel fees and expenses incurred by Defendant in defense of this case.

5.  To the extent defendant is held liable to any of the aforesaid claimants, or to the extent said defendants suffer any loss or damage, Defendant is entitled to indemnity from plaintiff.

## AS AND FOR FIRST CROSSCLAIM AGAINST M/V YM GREEN, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., and SHENZHEN HIGH POWER TECHNOLOGY CO., LTD.
### (hereinafter the "co-defendants")

1.    At and during all times hereinafter mentioned, Defendant/counterclaimant Fiege., was and now is a corporation organized and existing by virtue of foreign law, with an office and place of business at Flat A, B & C, 22nd Floor, 8 Hart Avenue, Tsim Sha Tsui, Kowloon, Hong Kong, and, *inter alia*, provides consolidation, loading, stowage and logistics services in connection with the shipment of containerized cargoes by sea.

2.    Co-defendants/defendants on the crossclaim were and are corporations organized and existing under the laws of foreign countries.

3.    Defendant repeats and realleges every paragraph heretofore set forth with the same force and effect as if fully set forth herein at length.

4.    If the complaint against Defendant Fiege is not dismissed, then if there was any loss or damage to the shipment referred to in plaintiff's complaint, which is denied, said loss or damage was brought about by the negligence and/or breach of contract and/or breach of warranty, implied or expressed, of M/V YM GREEN, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD., and by reason thereof, Fiege is entitled to full indemnity and/or contribution from co-defendants YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD.,

VANGUARD LOGISTICS SERVICES HONG KONG LTD. and SHENZHEN HIGH

POWER TECHNOLOGY CO. LTD., for all loss and damage including reasonable

counsel fees and expenses incurred by Fiege in defense of this case.

**AS AND FOR SECOND CROSSCLAIM AGAINST M/V YM GREEN, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., KAWASAKI KISEN KAISHA LTD., and SHENZHEN HIGH POWER TECHNOLOGY CO., LTD. (hereinafter the "co-defendants")**

1. At and during all times hereinafter mentioned, defendant/counterclaimant

Fiege was and now is a corporation organized and existing by virtue of foreign law, with

an office and place of business at Flat A, B & C, 22nd Floor, 8 Hart Avenue, Tsim Sha

Tsui, Kowloon, Hong Kong, and, *inter alia*, provides consolidation, loading, stowage and

logistics services in connection with the shipment of containerized cargoes by sea.

2. Co-defendants/defendants on the crossclaim were and are corporations

organized and existing under the laws of foreign countries.

3. Defendant repeats and realleges every paragraph heretofore set forth with the

same force and effect as if fully set forth herein at length.

4. If the complaint against defendant Fiege is not dismissed, then if there was

any loss or damage to the shipment referred to in plaintiff's complaint, which is denied,

said loss or damage was brought about by the negligence and/or breach of contract and/or

breach of warranty, implied or expressed, of YANG MING MARINE  TRANSPORT

CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC.,

KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD

LOGISTICS SERVICES HONG KONG LTD. and SHENZHEN HIGH POWER

TECHNOLOGY CO. LTD., including but not limited to, the fact that plaintiff's cargo

14

possessed undeclared hazardous nature and characteristics and was improperly

manufactured, loaded, stowed, handled and/or consolidated by co-defendants, thus

causing the fire complained of, and, by reason thereof, Fiege is entitled to full indemnity

and/or contribution from co-defendants YANG MING MARINE  TRANSPORT CORP.,

YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., KAWASAKI

KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS

SERVICES HONG KONG LTD., and SHENZHEN HIGH POWER TECHNOLOGY

CO. LTD., for all loss and damage including reasonable counsel fees and expenses

incurred by Fiege in defense of this case.

  5.  If the plaintiff suffered any damages, which is denied, and is awarded

judgment against defendant Fiege, then defendant Fiege will be entitled to full and

complete indemnity and/or contribution as the case may be, from the co-defendants for

all losses and damages sustained, together with costs, disbursements and reasonable

counsel fees.

### AS AND FOR AN ANSWER TO THE
### CROSSCLAIMS OF KAWASAKI KISEN KAISHA LTD.

  1.  Defendant Fiege  repeats and realleges each and every paragraph set forth

in its answer to Complaint and Crossclaim with the same forced and effect as if set forth

here at length.

  2.  Fiege denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs 41 and 42 of the Crossclaim of Kawasaki Kisen

Kaisha Ltd.

3.  Fiege admits so much of paragraph 43 as alleges that it was and is a corporation organized and existing under the laws of a foreign country and denies knowledge or information sufficient to form a belief as to the co-defendants.

4.  Fiege denies so much of paragraph 44 as alleges negligence, breach of contract (express or implied), breach of warranty (express or implied) and/or other fault on the part of Fiege.. Fiege denies knowledge or information sufficient to form a belief as to the co-defendants.

5.  Fiege denies so much of paragraph 45 as alleges that defendant Kawasaki Kisen Kaisha Ltd. is entitled to indemnification and/or contribution in whole or in part from Fiege. Fiege denies knowledge or information sufficient to form a belief as to the allegations made in respect of the co-defendants.

## AS AND FOR AN AFFIRMATIVE DEFENSE
## TO THE CROSSCLAIMS OF KAWASAKI KISEN KAISHA LTD.

Defendant Fiege repeats, reiterates and makes applicable to defendant Kawasaki Kisen Kaisha Ltd.'s crossclaims and/or contingent crossclaims, each Affirmative Defense in its Answer to Plaintiff's Complaint as if specifically set forth herein at length and specifically without waiver of any jurisdictional defenses set forth in answering defendant's Answer to Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE CROSS CLAIMS
## OF SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

1.  Defendant Fiege repeats and realleges each and every paragraph set forth in its answer to Complaint and Crossclaim with the same force and effect as if set forth here at length.

2.  Fiege denies so much of paragraph 51 of High Power's crossclaim as alleges recklessness, fault, neglect, errors, omissions and/or breach of contract or warranty, express or implied on the part of Fiege. Fiege also denies that High Power is entitled to full indemnity by and/or contribution from the defendant Fiege. Fiege denies knowledge or information sufficient to form a belief as to the allegations made in respect of the co-defendants.

### AS AND FOR AN AFFIRMATIVE DEFENSE TO THE CROSSCLAIMS OF SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

Defendant Fiege repeats, reiterates and makes applicable to defendant Shenzhen High Power Technology Co. Ltd.'s crossclaims and/or contingent crossclaims, each Affirmative Defense in its Answer to Plaintiff's Complaint as if specifically set forth herein at length and specifically without waiver of any jurisdictional defenses set forth in answering defendant's Answer to Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO THE CROSSCLAIMS OF YANG MING MARINE TRANSPORT CORP. and YANGMING (UK) LTD. ("YML")

### AS TO THE FIRST CONTINGENT CROSSCLAIM:

1.  Defendant Fiege repeats and realleges each and every paragraph set forth in its answer to Complaint and Crossclaim with the same force and effect as if set forth herein at length.

2.  Fiege denies so much of paragraph 46 of the YML crossclaim as alleges negligence and/or breach of contract and/or breach of warranty, implied or expressed, on the part of Fiege. Fiege also denies that High Power is entitled to full indemnity by and/or contribution from the defendant Fiege. Fiege denies knowledge or information sufficient to form a belief as to the allegations made in respect of the co-defendants.

3. Fiege denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of YML's crossclaim.

### AS TO THE SECOND CONTINGENT CROSSCLAIM:

1. Defendant Fiege repeats and realleges each and every paragraph set forth in its answer to Complaint and Crossclaim with the same force and effect as if set forth here at length.

2. Fiege denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 49 and 50 of YML's crossclaim.

3. Fiege denies so much of paragraph 51 of YML crossclaim as alleges fault, neglect, breach of contract, and/or breach of warranty on the part of Fiege. Fiege denies knowledge or information sufficient to form a belief as to the allegations made in respect of the co-defendants.

4. Fiege denies that YML is entitled to indemnity and/or contribution from the defendant Fiege. Fiege denies knowledge or information sufficient to form a belief as to the allegations made in respect of the co-defendants.

5. Fiege denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of YML's crossclaim

### AS AND FOR AN AFFIRMATIVE DEFENSE
### TO THE CROSSCLAIMS OF YANG MING MARINE TRANSPORT CORP.
### and YANGMING (UK) LTD. ("YML")

Defendant Fiege repeats, reiterates and makes applicable to defendants Yang Ming Marine Transport Corp.'s and Yangming (UK) Ltd.'s crossclaims and/or contingent crossclaims, each Affirmative Defense in its Answer to Plaintiff's Complaint as if

18

specifically set forth herein at length and specifically without waiver of any jurisdictional

defenses set forth in answering defendant's Answer to Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE CROSS CLAIMS
## OF ALL OCEANS TRANSPORTATION INC.

### AS TO THE FIRST CONTINGENT CROSS-CLAIM:

1.  Defendant Fiege repeats and realleges each and every paragraph set forth in its

answer to Complaint and Crossclaim with the same force and effect as if set forth here at

length.

2.  Fiege denies so much of paragraph 48 of All Oceans Transportation Inc.'s

crossclaim as alleges negligence and/or breach of contract and/or breach of warranty,

implied or expressed, on the part of Fiege.  Fiege also denies that High Power is entitled

to indemnity by and/or contribution from the defendant Fiege.  Fiege denies knowledge

or information as to the allegations made in respect of the co-defendants.

3.  Fiege denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 49 of All Oceans Transportation, Inc.'s crossclaim.

### AS TO THE SECOND CONTINGENT CROSS-CLAIM:

1.  Defendant Fiege repeats and realleges each and every paragraph set forth in its

answer to Complaint and Crossclaim with the same force and effect as if set forth here at

length.

2.  Fiege denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs 51 and 52 of All Oceans Transportation, Inc.'s cross-

claim.

3.  Fiege denies so much of paragraph 53 of All Oceans Transportation Inc.'s

cross-claim as alleges fault, neglect, breach of contract, and/or breach of warranty on the

part of Fiege. Fiege denies knowledge or information as to the allegations made in respect of the co-defendants.

    4. Fiege denies so much of paragraph 54 as alleges that All Oceans Transportation, Inc. is entitled to indemnity and/or contribution from the defendant Fiege. Fiege denies knowledge or information sufficient to form a belief as to the allegations made in respect of the co-defendants.

    5. Fiege denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of All Oceans Transportation, Inc.'s crossclaim.

## AS AND FOR AN AFFIRMATIVE DEFENSE TO THE CROSSCLAIMS OF ALL OCEANS TRANSPORTATION INC.

    Defendant Fiege repeats, reiterates and makes applicable to defendant All Oceans Transportation Inc.'s crossclaims and/or contingent crossclaims, each Affirmative Defense in its Answer to Plaintiff's Complaint as if specifically set forth herein at length and specifically without waiver of any jurisdictional defenses set forth in answering defendant's Answer to Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE CROSSCLAIMS OF CONTERM HONG KONG LTD. and VANGUARD LOGISTICS SERVICES HONG KONG LTD.

    1. Defendant Fiege. repeats and realleges each and every paragraph set forth in its answer to Complaint and Crossclaim with the same force and effect as if set forth here at length.

    2. Fiege denies so much of paragraph 28 of CONTERM AND VANGUARD's cross-claim as alleges acts, omissions, breach and/or negligence on the part of Fiege. Fiege denies knowledge or information as to the co-defendants.

3.  Fiege denies so much of paragraph 29 as alleges that CONTERM AND VANGUARD. is entitled to full and complete indemnity and/or contribution from the defendant Fiege.  Fiege denies knowledge or information sufficient to form a belief as to the allegations made in respect of the co-defendants.

### AS AND FOR AN AFFIRMATIVE DEFENSE TO THE CROSSCLAIMS OF CONTERM HONG KONG LTD. and VANGUARD LOGISTICS SERVICES HONG KONG LTD.

Defendant Fiege repeats, reiterates and makes applicable to defendants Conterm Hong Kong Ltd.'s and Vanguard Logistic Services' crossclaims and/or contingent crossclaims, each Affirmative Defense in its Answer to Plaintiff's Complaint as if specifically set forth herein at length and specifically without waiver of any jurisdictional defenses set forth in answering defendant's Answer to Plaintiff's Complaint.

**WHEREFORE,** defendant FIEGE demands:

(1) Judgment dismissing the Complaint, cross-claims and counterclaims against FIEGE within this action and awarding it costs, fees, including reasonable attorneys' fees and disbursements of this action;

(2) Judgment against plaintiff ENERGIZER S.A., for all sums which may be recovered by cross claiming parties against defendant FIEGE as well as costs, attorneys' fees, and disbursements of this action;

(3) Judgment against co-defendants YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., and SHENZHEN HIGH POWER

TECHNOLOGY CO. LTD., for all sums which may be recovered by plaintiff against

Defendant FIEGE, as well as costs, attorneys' fees and disbursements of this action;

(4) Judgment against co-defendants YANG MING MARINE TRANSPORT

CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC.,

KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD

LOGISTICS SERVICES HONG KONG LTD., and SHENZHEN HIGH POWER

TECHNOLOGY CO. LTD., for all sums which may be recovered by plaintiff against

Defendant FIEGE on plaintiff's claim for indemnity and contribution, as well as costs,

attorneys' fees and disbursements of this action;

(5) Judgment against co-defendants YANG MING MARINE TRANSPORT

CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC.,

KAWASAKI KISEN KAISHA LTD., CONTERM HONG KONG LTD., VANGUARD

LOGISTICS SERVICES HONG KONG LTD., and SHENZHEN HIGH POWER

TECHNOLOGY CO. LTD., for all sums which may be recovered by co-defendants

against Defendant FIEGE on co-defendants' claims for indemnity and contribution, as

well as costs, attorneys' fees and disbursements of this action; and

(6) Judgment for such other, further and/or different relief the Court may deem

just and proper.

Dated:  New York, New York
        March 20, 2008

Defendant,
FIEGE LTD. (formerly FIEGE GOTH CO., LTD.)


By:   s/ Coleen A. McEvoy
      Coleen A. McEvoy (CM 3379)
      Patrick F. Lennon (PL 2162)
      LENNON, MURPHY AND LENNON, LLC
      The GrayBar Building
      420 Lexington Avenue, Suite 300
      New York, New York 10170
      (212) 490-6050
      (212) 490-6070 fax