UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ENERGIZER S.A.                                    07 CV 7406 (LTS)

                       Plaintiff,           ANSWER TO FIRST &
                                           SECOND CONTINGENT
                                           CROSS-CLAIMS
       -against-                                CLAIMS OF YANG MING
M/V YM GREEN, her engines, boilers and            MARINE TRANSPORT CORP.
tackle *in rem*; YANG MING MARINE TRANSPORT       and YANG MING (UK)
CORP.; YANGMING (UK) LTD.; ALL OCEANS             LTD. WITH AFFIRMATIVE
TRANSPORTATION INC.; KAWASAKI KISEN KAISHA,       DEFENSES
LTD., CONTERM HONG KONG LTD.; VANGUARD
LOGISTICS SERVICES HONG KONG LTD.; FIEGE
GOTH CO., LTD.; and SHENZHEN HIGH POWER
TECHNOLOGY CO. LTD.

                       Defendants.
----------------------------------------X

      Defendant KAWASAKI KISEN KAISHA, LTD. (answering defendant) by its attorneys, MAHONEY & KEANE, LLP, answers the First and Second Contingent Cross-Claims of defendants YANG MING MARINE TRANSPORT CORP. and YANGMING (UK) LTD. (herein collectively YML) upon information and belief as follows:

AS AND FOR AN ANSWER TO DEFENDANT
YANG MING MARINE TRANSPORT CORP.'s and YANGMING (UK) LTD.'s
<u>FIRST CONTINGENT CROSS CLAIM</u>

      FIRST:  Answering defendant denies each and every allegation contained in paragraphs "45", "46" and "47" of defendants YANG MING MARINE TRANSPORT CORP.'s and YANGMING (UK) LTD.'s First Contingent Cross-Claim.

AS AND FOR AN ANSWER TO DEFENDANT
YANG MING MARINE TRANSPORT CORP.'s and YANGMING (UK) LTD.'s
<u>SECOND CONTINGENT CROSS CLAIM</u>

SECOND:  Answering defendant denies each and every allegation contained in paragraphs "48", "49", "50", "51", "52" and "53" of defendants YANG MING MARINE TRANSPORT CORP.'s and YANGMING (UK) LTD.'s Second Contingent Cross-Claim.

<u>AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRD:  The Cross-claims fail to state a claim against answering defendant on which relief can be granted.

<u>AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTH:  Answering defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

<u>AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FIFTH:  If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendants are exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, <u>et seq</u>.

<u>AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTH:  If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendant is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304 (5).

<u>AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTH: If there was any loss of and/or damage to cargo as alleged in the Complaint, answering defendant is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

<u>AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTH: If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendant is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, <u>et</u> <u>seq</u>.

<u>AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINTH: Answering defendant puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

<u>AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TENTH: Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient

packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendant is not under any liability for any such loss or damage.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH:   (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendant is not under liability therefore.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:   Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:   Any damages sustained by plaintiff, as

alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and has no direction or control.

<u>AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTEENTH: Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

<u>AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FIFTEENTH: Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendant and as such plaintiff is barred from recovery in this action.

<u>AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTEENTH: Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

<u>AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTEENTH: Plaintiff herein has failed to mitigate its damages.

<u>AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTEENTH:   The forum is inconvenient and the Complaint should be dismissed pursuant to the Doctrine of <u>Forum Non Conveniens</u>.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINETEENTH:   The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

<u>AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTIETH:   The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

<u>AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIRST:   Plaintiff has failed to bring answering defendant within the personal jurisdiction of the Court.

<u>AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SECOND: This Court lacks personal jurisdiction of the answering defendant.

<u>AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-THIRD:   Plaintiff has failed to make proper service of process upon answering defendant.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH:  Defendant was an agent for a disclosed principal at all times at issue and therefore is not liable on the causes of action alleged.

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH:  This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

WHEREFORE, defendant **KAWASAKI KISEN KAISHA** demands judgment dismissing Cross-Claims herein, along with costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against the co-defendants **YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.** for all sums which may be recovered by plaintiff against the defendant **KAWASAKI KISEN KAISHA** including

disbursements of this action and for such other and further relief as to the Court may seems just and proper.

Dated:   New York, N.Y.
         March 24, 2008

                              MAHONEY & KEANE, LLP
                              Attorneys     for     Defendant
                              KAWASKAKI KISEN KAISHA

                     By: _____
                              Edward A. Keane (EK 1398)
                              111 Broadway, Tenth Floor
                              New York, New York 10006
                              (212) 385-1422
                              File No.: 12/3475/B/07/9

TO:   HILL, RIVKINS & HAYDEN, LLP
      Attorneys for Plaintiff
      45 Broadway, Suite 1500
      New York, NY 10006
      (212) 669-0600

      CICHANOWICZ, CALLAN, KEANE, VENGROW & TESTOR, LLP
      Attorneys for Defendants
      YANG MING MARINE TRANSPORT CORP.'s and
      YANGMING (UK) LTD CARRIERS
      61 Broadway, Suite 3000
      New York, NY 10006
      (212) 344-7042

      DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
      Attorneys for Defendant
      CONTERM HONG KONG, LTD. and
      VANGUARD LOGISTICS SERVICES HONG KONG LTD.
      131 East 38th Street
      New York, NY 10016
      (212) 889-1288

      LENNON, MURPHY & LENNON, LLC
      Attorneys for Defendant
      FIEGE GOTH CO. LTD.
      The Greybar Building
      420 Lexington Avenue, Suite 300
      New York, NY 10170
      (212) 490-6070

```
KARDARAS & KELLEHER, LLP
Attorneys for Defendant
SHENZHEN HIGH POWER TECHNOLOGY CO., LTD.
44 Wall Street
New York, NY 10005
(212) 785-5055
```