9017/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendants*
YANG MING MARINE TRANSPORT CORP.,
YANGMING (UK) LTD. and ALL OCEANS
TRANSPORTATION, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGIZER S.A.,<br><br>          Plaintiff,<br><br>- against -<br><br>M/V YM GREEN, her engines, boilers and tackle *in rem.*; YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.; ALL OCEANS TRANSPORTATION INC.; KAWASAKI KISEN KAISHA LTD.; CONTERM HONG KONG LTD.; VANGUARD LOGISTICS SERVICES HONG KONG LTD.; FIEGE GOTH CO., LTD.; and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.<br><br>          Defendants. | 07 CV 7406 (LTS)<br><br>**DEFENDANT ALL OCEANS'**<br>**ANSWER TO CLAIM**<br>**FOR INDEMNITY AND**<br>**CONTRIBUTION CONTAINED**<br>**IN PLAINTIFF'S "REPLY**<br>**TO COUNTERCLAIM SET**<br>**FORTH IN SECOND**<br>**AMENDED ANSWER"** |

Defendant All Oceans Transportation Inc. ("All Oceans"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answer the claim for indemnity and contribution contained in plaintiff's "Reply to Counterclaim set forth in Second Amended Answer" dated March 10, 2008 upon information and belief as follows:

  12. Denies the allegations in paragraph 12.

  13. Admits the allegations of paragraph 13.

  14. Denies the allegations of paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The shipments in question were carried from Hong Kong to Basel, Switzerland via Hamburg, Germany pursuant to defendant K-Line bill of lading contracts and were, therefore, subject to the Hague Visby Rules.

All Oceans claims the benefit of all exceptions, exemptions and limitations contained in the Hague Visby Rules and K-Line bill of lading to the full extent they may be applicable to them.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The shipments in question were carried pursuant to bills of lading issued by defendant K-Line and, upon information and belief, pursuant to bills of lading issued by underlying defendant Non Vessel Operating Common Carrier (NVOCC) bills of lading.

All Oceans claims the benefit of all exceptions, exemptions and limitations contained in any bills of lading issued by any VOCC or NVOCC defendants pursuant to which this cargo was carried on the basis of the Himalaya Clauses contained in such bills of lading to the full extent such provisions may be applicable to them.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any damage that was caused to plaintiff's cargo was the direct result of an act, fault or neglect of plaintiff, its agents, suppliers, contractors, affiliates or subsidiaries and

in regard to the manufacture, stowage, shifting, shipment, securing or packaging of the cargo in question.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

All Oceans is not liable under the Hague or Hague Visby Rules for any loss or damage to plaintiff's cargo as alleged in the complaint since the alleged loss or damage occurred as a result of fire and such fire was not caused by the actual fault or privity of All Oceans.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The cargoes in question were shipped pursuant to a bill of lading contract issued by defendant K-Line which bill of lading provides that all actions and claims brought pursuant to such bill of lading shall be brought in the courts sitting in Tokyo, Japan.

All claims against All Oceans should be dismissed in favor of jurisdiction in Japan.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The shipments in question moved from Hong Kong to Basel, Switzerland via Hamburg on a foreign flag vessel pursuant to bills of lading issued by a Japanese carrier and therefore the instant action has no connection whatsoever with the Southern District of New York and should be dismissed on the basis of forum non-conveniens.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

At all relevant times, the vessel YM GREEN was under a bareboat charter party to which All Oceans was the registered owner. Therefore, All Oceans cannot, as a matter of law, have any liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over All Oceans.

Dated: New York, New York
April 8, 2008

                        CICHANOWICZ, CALLAN, KEANE,
                        VENGROW & TEXTOR, LLP
                        61 Broadway, Suite 3000
                        New York, New York 10006
                        *Attorneys for Defendants*
                        YANG MING MARINE TRANSPORT
                        CORP., YANGMING (UK) LTD. and
                        ALL OCEANS TRANSPORTATION, INC.

                        By: s/ Paul M. Keane
                            Paul M. Keane (PMK-5934)

To:    HILL RIVKINS & HAYDEN, LLP
        45 Broadway, Suite 1500
        New York, New York 10006
        (212) 669-0600

        MAHONEY & KEANE
        111 Broadway, Floor 10
        New York, New York 10006
        (212) 385-1422

        DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
        131 E. 38th Street
        New York, New York 10016
        (212) 889-2300

        LENNON, MURPHY & LENNON, LLC
        420 Lexington Avenue, Suite 300
        New York, New York 10170
        (212) 490-6050

        KARDARAS & KELLEHER, LLP
        44 Wall Street
        New York, New York 10005
        (212) 785-5050

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On April 8, 2008, I served a complete copy of Defendant All Oceans' Answer to Claim for Indemnity and Contribution Contained in Plaintiff's "Reply to Counterclaim Set Forth in Second Amended Answer", by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and mailing address:

To:  HILL RIVKINS & HAYDEN, LLP
     45 Broadway, Suite 1500
     New York, New York 10006
     (212) 669-0600

     MAHONEY & KEANE
     111 Broadway, Floor 10
     New York, New York 10006
     (212) 385-1422

     DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
     131 E. 38th Street
     New York, New York 10016
     (212) 889-2300

     LENNON, MURPHY & LENNON, LLC
     420 Lexington Avenue, Suite 300
     New York, New York 10170
     (212) 490-6050

     KARDARAS & KELLEHER, LLP
     44 Wall Street
     New York, New York 10005
     (212) 785-5050

*Amanda Magri*
Amanda Magri

DATED:  April 8, 2008
        New York, New York