```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ENERGIZER S.A.,                              07 CV 7406 (LTS)

                    Plaintiff,              VERIFIED THIRD-PARTY
                                             COMPLAINT
     -against-

M/V YM GREEN, her engines, boilers,
and tackle in rem; YANG MING MARINE
TRANSPORT CORP.; YANGMING (UK) LTD.;
ALL OCEANS TRANSPORTATION INC.;
KAWASAKI KISEN KAISHA, LTD., CONTERM
HONG KONG LTD.; VANGUARD LOGISTICS
SERVICES HONG KONG LTD.; FIEGE GOTH
CO., LTD.; and SHENZHEN HIGH POWER
TECHNOLOGY CO. LTD.,

                    Defendants.
----------------------------------------X
KAWASAKI KISEN KAISHA, LTD.,

          Third-Party Plaintiff,

     -against-

FIEGE LOGISTICS (SWITZERLAND) LTD.,

          Third-Party Defendant,
----------------------------------------X
```



Defendant/Third-Party Plaintiff, KAWASAKI KISEN KAISHA, LTD. ("K-LINE"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Third-Party Complaint against Third-Party Defendant, FIEGE LOGISTICS (SWITZERLAND) LTD. ("FIEGE LOGISTICS"), and without waiver of any jurisdictional defenses or rights to proceed in alternate fora, alleges, upon information and belief, as follows:

1.   FIRST:  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

SECOND: Plaintiff, ENERGIZER S.A., has served a Summons and Complaint, a true copy of which is attached hereto as Exhibit "A"

THIRD: Third-party plaintiff, K-LINE, served an Answer to plaintiff's Complaint, a true copy of which is attached hereto as Exhibit "B".

FOURTH: Third-party plaintiff was and is a business entity organized and existing under and by virtue of the laws of a foreign country.

FIFTH: Third-Party defendant, FEIGE LOGISTICS, was and is a business entity organized and existing under and by virtue of the laws of a foreign country and with an office and place of business located at Genuastrasse 11, CH-4142, P.O. Box CH-4002, Basel Switzerland.

SIXTH: At all pertinent times, FEIGE LOGISTICS was the consignee on, and was bound as a party to, the K-LINE bill of lading issued with respect to the shipment referenced in plaintiff's Complaint and

SEVENTH: At all pertinent times, FEIGE LOGISTICS acted as the shipper and/or as principal of the shipper of the goods allegedly carried under the K-LINE bill of lading and exercised control over the transportation arrangements referenced in plaintiff's Complaint.

EIGHTH: At all pertinent times, FEIGE LOGISTICS, was a "Merchant," within the meaning of the terms and conditions of the

K-Line bill of lading issued with respect to the shipment referenced in plaintiff's Complaint.

NINTH: If any losses were sustained by plaintiff, as alleged in the Complaint, which is specifically denied, said losses were caused by or contributed to by the culpable acts, default, negligence, carelessness, omissions, breach of contract, breach of warranty, inadequacy of packing, improper shipment of dangerous goods, and/or strict liability on the part of third-party defendant, FEIGE LOGISTICS.

TENTH: If any liability shall be imposed on defendant/third-party plaintiff, K-LINE, K-LINE should be awarded damages for indemnity and/or contribution against third-party defendant, FEIGE LOGISTICS, together with costs and disbursements of this action and reasonable attorneys' fees.

ELEVENTH: Third-party defendant, FEIGE LOGISTICS, cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, Lloyds TSB Bank Switzerland PLC, and/or UBS, which are believed to

be due and owing to the third-party plaintiff.

TWELFTH: For the purpose of obtaining personal jurisdiction over third-party defendant, FEIGE LOGISTICS, and securing third-party plaintiff's claim as described above, third-party plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of third-party defendant, FEIGE LOGISTICS, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, third-party plaintiff, K-LINE, prays:

(a) That process in due form of law issue against Third-Party Defendant, FEIGE LOGISTICS, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

(b) That judgment be granted in favor of Plaintiff against Third-Party Defendant, FEIGE LOGISTICS, directly pursuant to Rule 14(c) of the Federal Rules of Civil Procedure for the entire amount of any liability which may be judicially determined;

(c) That Third-Party Plaintiff, K-LINE, be granted indemnity from Third-Party Defendant, FEIGE LOGISTICS, for the entire amount for which Third-Party plaintiff may be found liable to Plaintiff (liability for same being expressly denied);

(d) That Third-Party Plaintiff, K-LINE, be granted contribution from Third-Party Defendant, FEIGE LOGISTICS, toward any amount for which third-party plaintiff may be found liable to Plaintiff (liability for same being expressly denied);

(e) That, since Third-Party Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, Lloyds TSB Bank Switzerland PLC, and/or any other garnishee upon whom a

5

copy of the Process of Maritime Attachment and Garnishment may be served, in the full amount demanded of third-party plaintiff, K-LINE, in the Plaintiff's Complaint to secure third-party plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the third-party complaint; and

(f) That Third-Party Plaintiff, K-LINE, be granted such other and further relief, including all costs, attorneys' fees and disbursements incurred herein, as the Court may deem just and proper.

Dated: New York, N.Y.
       June 13, 2008

                                MAHONEY & KEANE, LLP
                                Attorneys for Defendant/
                                Third-Party Plaintiff
                                KAWASAKI KISEN KAISHA, LTD.

By: _____
     Garth S. Wolfson (GW 7700)
     11 Hanover Square, Tenth Floor
     New York, New York 10005
     (212) 385-1422

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     :  SS.:
COUNTY OF NEW YORK   :

1. My name is Garth S. Wolfson.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Third-Party Plaintiff, KAWASAKI KISEN KAISHA, LTD., and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Third-Party Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Third-Party Plaintiff is that the Third-Party Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Third-Party Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:  New York, New York
        June 13, 2008

_____
Garth S. Wolfson

Sworn to before me on
the 13th day of June, 2008

_____
Notary Public

JORGE RODRIGUEZ
State of New York
Qualified in ...
Term Expires ...

- 1 -