*RAYMOND P. HAYDEN (RH-5733)*
*JAMES A. SAVILLE, JR. (JS-4835)*
*KIPP C. LELAND (KL-0932)*
*HILL RIVKINS & HAYDEN LLP*
Attorneys for Plaintiff
Energizer S.A.

45 Broadway
Suite 1500
New York, New York 10006
(212) 669-0600

**07 CIV 7406**
**JUDGE SWAIN**



RECEIVED
AUG 20 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

ENERGIZER S.A.,                           :     Docket No. 07 cv _____ ( )

           Plaintiff,                    :

    *- Against -*                         :

M/V YM GREEN her engines, boilers and     :
tackle *in rem*; YANG MING MARINE         :     **COMPLAINT**
TRANSPORT CORP.; YANGMING (UK) LTD.;      :
ALL OCEANS TRANSPORTATION INC.;           :
KAWASAKI KISEN KAISHA LTD.; CONTERM       :
HONG KONG LTD.; VANGUARD LOGISTICS        :
SERVICES HONG KONG LTD.;                  :
FIEGE GOTH CO., LTD.; and SHENZHEN HIGH   :
POWER TECHNOLOGY CO. LTD.                 :

           Defendants.                   :
------------------------------------X

      The Plaintiff, Energizer S.A., by and through the undersigned attorneys, as and for its complaint against the above-named defendants, alleges upon information and belief as follows:

1

## **PARTIES**

1.      At and during all times hereinafter mentioned, Plaintiff, ENERGIZER S.A., was and now is a corporation organized and existing by virtue of Swiss law with an office and principal place of business at rue L.J. Chevrolet, 43, 2300 La Chaux-de-Fonds, Switzerland and was the purchaser of two shipment of batteries manufactured in China as more fully set forth herein.

2.      At and during all times hereinafter mentioned, Defendant YANG MING MARINE TRANSPORT CORP. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business c/o Solar International Shipping Agency, Inc. Newport Office Tower, 25th Floor, 525 Washington Boulevard, Jersey City, New Jersey 07310 and was and now is a common carrier of goods for hire and owned, managed, chartered and/or operated the M/V YM GREEN, a 2001 built container ship, which is or will be within the jurisdiction of this Court during the pendency of this action.

3.      At and during all times hereinafter mentioned, Defendant YANGMING (UK) LTD. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Valentines House, Second Floor, 51-69 Ilford Hill Essex IG1 2DG United Kingdom and was and now is a common carrier of goods for hire and owned, managed, chartered and/or operated the M/V YM GREEN, a 2001 built container ship, which is or will be within the jurisdiction of this Court during the pendency of this action.

2

4. At and during all times hereinafter mentioned, Defendant ALL OCEANS TRANSPORTATION INC., was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 271 Ming De 1st Road Chidu Keelung 206 Taiwan and was and now is a common carrier of goods for hire and owned, managed, chartered and/or operated the M/V YM GREEN, a 2001 built container ship, which is or will be within the jurisdiction of this Court during the pendency of this action.

5. At and during all times hereinafter mentioned, Defendant KAWASAKI KISEN KAISHA LTD. ("K-Line") was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office an principal place of business c/o "K" Line America, Inc. 890 Mountain Avenue, Murray Hill, New Jersey 07974 and was and now is a common carrier of goods by water for hire and owned, managed, chartered and/or operated the M/V YM GREEN, a 2001 built container ship, which is or will be within the jurisdiction of this Court during the pendency of this action.

6. At and during all times hereinafter mentioned, Defendant CONTERM HONG KONG LTD. ("Conterm") was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office an principal place of business at 1 Lockhart Road, Chung Nam Building, 14th Floor, Wanchai, Hong Kong and was and now is a common carrier of goods by water for hire.

7. At and during all times hereinafter mentioned, Defendant VANGUARD LOGISTICS

3

SERVICES HONG KONG LTD. ("Vanguard") was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office an principal place of business at 36/F Vicwood Plaza, 199 Des Voeux Road Central, Hong Kong and, *inter alia*, provides consolidation, loading, stowage and logistics services in connection with the shipment of containerized cargoes by sea.

8. At and during all times hereinafter mentioned, Defendant FIEGE GOTH CO., LTD. ("Fiege") was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office an principal place of business at Room A-B, 22/F, T.S.T., Kln., Hong Kong and, *inter alia*, provides consolidation, loading, stowage and logistics services in connection with the shipment of containerized cargoes by sea.

9. At and during all times hereinafter mentioned, Defendant SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. ("High Power") was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office an principal place of business at Bldg A1 & A2, Luoshan Ind. Zone, Pinchu, Longgang, Shenzhen China and specializes in the research, design, manufacture and marketing of Nickel Metal Hydride rechargeable batteries commonly used in cordless phones, mobile phones and MP3 players.

## JURISDICTION

10. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 and supplemental jurisdiction over all non-maritime claims pursuant to 28 U.S.C. §1367 in that those claims form part of the same case or controversy under Article III of the United States Constitution.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST M/V YM GREEN, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION, INC., K-LINE AND CONTERM

12. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 11 as if set forth herein at length.

13. On or about July of 2006, there was delivered in good order and condition to defendants M/V YM GREEN, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION, INC., K-LINE AND CONTERM two shipments of batteries that said defendants received, accepted and agreed to transport for certain consideration from Hong Kong to Basel, Switzerland via Hamburg, Germany pursuant to Bill of Lading Nos. HKGBSL65972C and HKGBSL66272C. As an ocean shipment from Hong Kong to Germany, the Hague-Visby rules govern.

14. On or about August 6, 2006, following a port call in Singapore, a fire broke out on the M/V YM Green that included hold no. 4 of said vessel resulting in the total loss of plaintiff's cargo, damage to various other cargoes as well as damage to the M/V YM GREEN.

5

15. By reason of the premises, said defendants, with knowledge that damage would probably result, were reckless, negligent and careless in their handling of plaintiff's cargo, violated their duties and obligations as common carriers and bailees of the cargo and were otherwise at fault in causing damage to the various cargoes, including plaintiff's cargo and the M/V YM GREEN.

16. Plaintiff was the consignee of said shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

17. Plaintiff has duly performed all duties and obligations on its part to be performed.

18. By reason of the premises, Plaintiff has sustained direct cargo damages as nearly as same can now be determined no part of which has been paid, although duly demanded, in the total amount of $171,151.48.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST CONTERM, VANGUARD AND FIEGE

19. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 18 as if set forth herein at length.

20. In or about July of 2006, there was delivered to defendants Conterm, Vanguard and Fiege two shipments of batteries which said defendants received, accepted and agreed for certain consideration to load, stow and/or consolidate into ocean going containers for loading aboard the M/V YM GREEN.

21. Defendants Conterm, Vanguard and Fiege knew or should have known of the identity, characteristics, and description of plaintiff's cargo to be loaded and had a continuing duty and obligation to perform the services it provided in connection with the loading, stowing and/or consolidating of plaintiff's cargo in a workmanlike manner and to exercise reasonable care in loading, stowing and/or consolidating plaintiff's cargo in the ocean container.

22. Defendants Conterm, Vanguard and Fiege breached and violated their duties and obligations and, with knowledge that damage would probably result, improperly, recklessly and negligently stowed, loaded and/or consolidated plaintiff's cargo into ocean going containers with other cargoes. As a result of the foregoing, plaintiff's cargo, other cargoes and the M/V YM GREEN were damaged.

23. Plaintiff was the consignee and owner of said shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

24.  Plaintiff has duly performed all duties and obligations on its part to be performed.

25. By reason of the premises, Plaintiff has sustained direct cargo damages as nearly as same can now be determined, no part of which has been paid, although duly demanded, in the total amount of $171,151.48.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST M/V YM GREEN, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION, INC., K-LINE, CONTERM, VANGUARD AND FIEGE

26.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 as if set forth herein at length.

27.  Certain third parties have claimed that they have sustained losses as a result of the fire that took place on board the M/V YM GREEN including hold no. 4 of the said vessel and have notified plaintiff Energizer that they intend to hold Energizer liable for any and all losses they have sustained, all of which Energizer has expressly denied.

28.  To the extent plaintiff Energizer is held liable or becomes liable to pay for the losses of certain third parties, all of which is expressly denied, said losses were caused directly and proximately, in whole or in part, by defendants M/V YM GREEN, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION, INC., K-LINE, CONTERM, VANGUARD and FIEGE'S reckless, negligent and improper loading, stowing,

handling, carriage, keeping and caring for, transshipment, and/or consolidation of plaintiff's cargo with other cargoes, all of which were committed with knowledge that damage would probably result.

29.  By reason of the foregoing, to the extent certain third parties have sustained losses, all of which is expressly denied, and are entitled to recover damages from Energizer, which is expressly denied, or Energizer becomes liable to pay for any reason, Energizer is entitled to express or implied indemnity and/or part or full contribution from defendants M/V YM GREEN, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION, INC., K-LINE, CONTERM, VANGUARD and FIEGE for such sums, together with the expenses, including but not limited to attorneys' fees and costs, incurred by Energizer in defending said third party claims and/or pursuing recover from defendants M/V YM GREEN, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION, INC., K-LINE, CONTERM, VANGUARD and FIEGE.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST HIGH POWER

30.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 29 as if set forth herein at length.

31.  On or about July of 2006, Energizer submitted a Purchase Order to defendant High Power pursuant to which, Energizer sought to purchase certain quantities of rechargeable batteries designed and manufactured by High Power for shipment by an ocean vessel by sea. High Power

9

agreed to sell the specified quantity of rechargeable batteries to Energizer in accordance with the terms and conditions of the Purchase Order and the General Purchase Conditions provided to High Power in a Circular Letter.

32. The General Purchase Conditions negotiated, reviewed, accepted and agreed to between Energizer and High Power provide, in relevant part:

> 7. **Quality/Safety**
> . . .
> Seller [High Power] agrees to indemnify, hold harmless, and defend buyer [Energizer] from any and all claims from any person or persons for bodily injury or property damage arising directly or indirectly from the product or services provided by Seller.

33. Certain third parties have claimed that they have sustained losses as a result of the fire that took place aboard the M/ YM GREEN including within hold no. 4 of the M/V YM GREEN and have notified plaintiff Energizer that they intend to hold Energizer liable for any and all losses they have sustained, all of which Energizer has expressly denied.

34. Energizer has by proper notice demanded and continues to demand that High Power comply with the terms of its written agreement and indemnify and defend Energizer from and against all claims arising from the sale of the batteries referred to herein however, High Power has failed to acknowledge and comply with said demand, causing Energizer to incur legal fees and expenses.

35. By reason of the foregoing, to the extent certain third parties have sustained losses, all of which is expressly denied, and is entitled to recover damages from Energizer, which is expressly

denied, or Energizer becomes liable to pay for any reason whatsoever, Energizer is entitled to express and implied indemnity and/or part or full contribution from defendant High Power for such sums, together with the expenses, including but not limited to attorneys' fees and costs, incurred by Energizer in defending said third party claims and/or pursuing recover from defendant High Power.

*WHEREFORE,* Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the Defendants.

2. That judgment be entered in favor of Plaintiff Energizer S.A. and against Defendants M/V YM GREEN, Yang Ming Marine Transport Corp., Yangming (UK) Ltd., All Oceans Transportation, Inc., Kawasaki Kisen Kaisha Ltd. and Conterm Hong Kong Ltd. on the first cause of action in the amount of Plaintiff's damages, together with interest and costs.

3. That judgment be entered in favor of Plaintiff Energizer S.A. and against Defendants Conterm Hong Kong Ltd., Vanguard Logistics Services Hong Kong Ltd. and Fiege Goth Co., Ltd. on the second cause of action in the amount of Plaintiff's damages, together with interest and costs.

4. That judgment be entered in favor of Plaintiff Energizer S.A. and against Defendants M/V YM GREEN, Yang Ming Marine Transport Corp., Yangming (UK) Ltd., All Oceans Transportation, Inc., Kawasaki Kisen Kaisha Ltd. Conterm Hong Kong Ltd., Vanguard Logistics Services Hong Kong Ltd. and Fiege Goth Co., Ltd. on the third cause of action together with costs,

expenses, interest and attorneys' fees.

5. That judgment be entered in favor of Plaintiff Energizer S.A. and against Defendant Shenzhen High Power Technology Co. Ltd. on the fourth cause of action together with costs, expenses, interest and attorneys' fees.

6. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, New York
August 20, 2007

                        Respectfully submitted,

                        */s/ Raymond P. Hayden*

                        Raymond P. Hayden (RH-5733)
                        James A. Saville, Jr. (JS-4835)
                        Kipp C. Leland (KL-0932)
                        HILL, RIVKINS & HAYDEN LLP
                        45 Broadway
                        Suite 1500
                        New York, New York 10006
                        (212) 669-0600

                        ---and---

                        Raymond L. Massey
                        David D. Farrell
                        THOMPSON COBURN LLP
                        One US Bank Plaza, Suite 2600
                        St. Louis, MO 63101
                        (314) 552-6000
                        Attorneys for Plaintiff Energizer, S.A.

29509\COMPLAINT