UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ENERGIZER S.A.,

               Plaintiff,

     -against-

M/V YM GREEN, her engines, boilers,
and tackle *in rem*; YANG MING MARINE
TRANSPORT CORP.; YANGMING (UK) LTD.;
ALL OCEANS TRANSPORTATION INC.;
KAWASAKI KISEN KAISHA, LTD., CONTERM
HONG KONG LTD.; VANGUARD LOGISTICS
SERVICES HONG KONG LTD.; FIEGE GOTH
CO., LTD.; and SHENZHEN HIGH POWER
TECHNOLOGY CO. LTD.,

               Defendants.
----------------------------------------X

07 CV 7406 (LTS)

ANSWER WITH AFFIRMATIVE
DEFENSES, COUNTER-CLAIM
AND CROSS-CLAIM

     Defendant KAWASAKI KISEN KAISHA, LTD. (answering defendant) by its attorneys, MAHONEY & KEANE, LLP, answers the Complaint of plaintiff upon information and belief as follows:

     FIRST:  Answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "4", "6", "7", "8", "9", "10" and "11", of plaintiff's Complaint.

     SECOND:  Answering defendant admits that, at all times mentioned, answering defendant was and now is a corporation or other business entity organized an existing by virtue of foreign law and, except as specifically set forth herein at length, denies the allegations contained in paragraph "5" of plaintiff's Complaint.

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S FIRST CAUSE OF ACTION

THIRD: Answering defendant repeats and reiterates each and every allegation contained in paragraphs "FIRST" through "SECOND" as if specifically set forth herein at length in answer to the allegations contained in paragraph "12" of plaintiff's Complaint.

FOURTH: Answering defendant denies the allegations contained in paragraphs "13", "15", "17" and "18" of plaintiff's Complaint.

FIFTH: Answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "14" and "16" of plaintiff's Complaint

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S SECOND CAUSE OF ACTION

SIXTH: Answering defendant repeats and reiterates each and every allegation contained in paragraphs "FIRST" through "FIFTH" as if specifically set forth herein at length in answer to the allegations contained in paragraph "19" of plaintiff's Complaint.

SEVENTH: Answering defendant denies knowledge or information sufficient to form as belief as to the allegations contained in paragraphs "20", "21", "22", "23", "24" and "25" of plaintiff's Complaint.

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S THIRD CAUSE OF ACTION

EIGHTH: Answering defendant repeats and reiterates each and every allegation contained in paragraphs "FIRST" through "SEVENTH" as if specifically set forth herein at length in answer to the allegations contained in paragraph "26" of plaintiff's Complaint.

NINTH: Answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of plaintiff's Complaint.

TENTH: Answering defendant denies the allegations contained in paragraphs "28" and "29" of plaintiff's Complaint.

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S FOURTH CAUSE OF ACTION

ELEVENTH: Answering defendant repeats and reiterates each and every allegation contained in paragraphs "FIRST" through "TENTH" as if specifically set forth herein at length in answer to the allegations contained in paragraph "30" of plaintiff's Complaint.

TWELFTH: Answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "31", "32", "33", "34" and "35" of plaintiff's Complaint.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: The Complaint fails to state a claim against answering defendants on which relief can be granted.

<u>AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTEENTH: Answering defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

<u>AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FIFTEENTH: If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, <u>et</u> <u>seq.</u>, to the extent applicable.

<u>AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTEENTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendant is liable, said damages must be limited pursuant to 46 U.S.C. § 1304(5), to the extent applicable.

<u>AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTEENTH: If there was any loss of and/or damage to cargo as alleged in the Complaint, answering defendant is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

<u>AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTEENTH: If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendant is exonerated under the Harter Act, 46 U.S.C.A. § 190, <u>et</u> <u>seq.</u>, to the extent applicable.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:  Answering defendant puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., to the extent applicable.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH:  Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendant is not under any liability for any such loss or damage.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST:  (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with

the provisions of the United States Carriage of Goods by Sea Act, to the extent applicable, and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendant is not under liability therefore.

<u>AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SECOND: Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, to the extent applicable, and/or the Doctrine of Laches.

<u>AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-THIRD: Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and has no direction or control.

<u>AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FOURTH: Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

<u>AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIFTH: Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendant and as such plaintiff is barred

from recovery in this action.

<u>AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SIXTH: Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

<u>AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SEVENTH: Plaintiff has failed to mitigate its damages.

<u>AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-EIGHTH: The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of <u>forum non conveniens</u>.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-NINTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

<u>AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRTIETH: The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

<u>AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRTY-FIRST: Plaintiff has failed to bring answering defendant within the personal jurisdiction of the Court.

### AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: This Court lacks personal jurisdiction of the answering defendant.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD: Plaintiff has failed to make proper service of process upon answering defendant.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FOURTH: To the extent the Hague-Visby Rules or any other statutory regime applies by contract, force of law, or otherwise, answering defendant reserves the right to claim all exceptions, exemptions, and limitations contained therein.

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIFTH: This Answer, Counter-Claim, and Cross-Claim are made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### AS AND FOR A COUNTER-CLAIM AGAINST PLAINTIFF, ENERGIZER S.A.

THIRDTY-SIXTH: This is a claim under the Court's Admiralty and Maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction.

THIRTY-SEVENTH: That all times mentioned hereafter KAWASAKI KISEN KAISHA, LTD. was and is a corporation duly organized and existing pursuant to the laws of a foreign country.

8

THIRTY-EIGHTH: That plaintiff, ENERGIZER S.A., was and is a corporation organized and existing under the laws of a foreign country.

THIRTY-NINTH: That if plaintiff or any cross-claiming parties suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of plaintiff, ENERGIZER S.A.

FORTIETH: That if defendant KAWASAKI KISEN KAISHA, LTD. is found responsible for any of the loss and/or damage sustained by the plaintiff or any cross-claiming parties herein, defendant KAWASAKI KISEN KAISHA, LTD. is entitled to indemnification and/or contribution in whole or in part from plaintiff, ENERGIZER S.A., for said losses and/or damage including costs and reasonable counsel fees.

AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS
YANG MING MARINE TRANSPORT CORP.; YANGMING (UK) LTD.;
ALL OCEANS TRANSPORTATION INC.; CONTERM HONG KONG LTD.;
VANGUARD LOGISTICS SERVICES HONG KONG LTD.; FIEGE GOTH CO., LTD.;
and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

FORTY-FIRST: This is a claim under the Court's Admiralty and Maritime Jurisdiction and under the Court's diversity and pendent jurisdiction.

FORTY-SECOND: That all times mentioned hereafter defendant KAWASAKI KISEN KAISHA, LTD. was and is a corporation duly organized and existing pursuant to the laws of a foreign country.

FORTY-THIRD:  That defendants YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. were and are corporations organized and existing under the laws of a foreign countries and certain States of the United States.

FORTY-FOURTH:  That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of defendants YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD.

FORTY-FIFTH:  That if defendant KAWASAKI KISEN KAISHA, LTD. is found responsible for any of the loss and/or damage sustained by the plaintiff herein, defendant KAWASAKI KISEN KAISHA, LTD. is entitled to indemnification and/or contribution in whole or in part from defendants YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD. for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, defendant KAWASAKI KISEN KAISHA, LTD. demands:

(1) Judgment dismissing Complaint herein and awarding to answering defendant costs, fees, including reasonable attorneys' fees, and disbursements of this action;

(2) Judgment against plaintiff, ENERGIZER S.A., for all sums which may be recovered by cross-claiming parties against defendant KAWASAKI KISEN KAISHA, LTD., as well as costs, attorneys' fees, and disbursements of this action;

(3) Judgment against co-defendants, YANG MING MARINE TRANSPORT CORP., YANGMING (UK) LTD., ALL OCEANS TRANSPORTATION INC., CONTERM HONG KONG LTD., VANGUARD LOGISTICS SERVICES HONG KONG LTD., FIEGE GOTH CO., LTD. and SHENZHEN HIGH POWER TECHNOLOGY CO. LTD., for all sums which may be recovered by plaintiff against defendant KAWASAKI KISEN KAISHA, LTD., as well as costs, attorneys' fees, and disbursements of this action; and

(4) Judgment for such other and further relief the Court may deem just and proper.

Dated: New York, New York
       January 24, 2008

By: _____
MAHONEY & KEANE, LLP
Attorneys for Defendant
KAWASKAKI KISEN KAISHA, LTD

Edward A. Keane (EK 1398)
111 Broadway, Tenth Floor
New York, New York 10006
(212) 385-1422